## Morgan et al. v. King et al.

May 9, 1950.

Kendrick S. Alcorn, Judge.

T. J. Underwood, H. Clay Kauffman and Cecil C. Sanders for appellants.

Henry C. Cox and Delbert Eagle for appellees.

MORRIS, COMMISSIONER—Affirming.

On November 6, 1948, Thomas King and wife conveyed to their son G. M. (Martin) King several tracts of land comprising about 198 acres, reserving to themselves a life estate therein. The stated consideration was love and affection and the fact that grantee had

cared for them during their latter years, and the agreement to care for them during their remaining years.

The deed contains certain provisions as to present or future distribution of Thomas King's estate. There were at the time of filing of petition, five other children who in March 1949 filed petition in equity against Thomas King and his wife, seeking to cancel the deed on the grounds of mental incapacity of grantor and his wife, and undue influence alleged to have been exercised by grantee and his wife. Defendants filed special and general demurrers, the former based on the ground that plaintiffs' petition failed to show any legal or equitable interest in the property involved, hence they had no right to maintain, the action. The chancellor sustained the special demurrer, dismissed the petition and this appeal follows, presenting the question whether or not in the absence of a showing of interest other than to share in the distribution of grantor's property after his death, they could maintain the suit.

Counsel for appellants in brief do not refer us to any case, domestic or foreign, which holds that prospective heirs-at-law may maintain an action against living parents to annul a deed on the grounds here stated, in the absence of a showing of a present interest, but relies solely on what was said in Denison v. McCann, 303 Ky. 195, 197 S.W.2d 248.250.

It appears in that case a daughter had waited a considerable length of time after the death of her mother to institute suit against her brother and sisters to cancel a deed conveying certain real estate to another. The chancellor who heard the case decided it against plaintiff on the merits of the case; that is, on the question of mentality of the grantor, holding that proof was totally insufficient. There was injected into that case a plea of laches, and in discussing this phase and holding the plea good, we said: "The time for the daughter to have attacked her mother's action in executing the deed was prior to the mother's death," making reference to a U. S. Suprenme Court case, Mackall v. Casilear, 137 U. S. 556, 11 S.Ct. 178, 34 L. Ed. 776, which involved the element of fraud, and which from

the excerpt quoted does not show that the son did not have a then present interest in the subject matter.

The opinion relied upon, or the above quoted language, is not conclusive of the question here. The case may be distinguished; in the first place while it is stated that the time for the daughter to have been the attack was before her death, it is not pointed out how that attack should have been begun, by the daughter in her own name or, as in cases of ours which may be noted, by a suit by a duly appointed committee.

In the Denison-McCann opinion it does not appear that the right or capacity to sue was raised or discussed on appeal. An examination of the transcript in that case fails to show that the question was pressed before the lower court, and no mention is made of it in the chancellor's memorandum opinion. It does appear from the transcript and from the briefs of parties that Mrs. Denison did have a claim of interest in the father's estate, and under his will to have had some right to maintain the action, and a more plausible right shown in a writing which had the effect of giving her a vested remander interest, thus giving her right to maintain the action.

A cursory examination of cases of the same character as this shows that all have been instituted after the death of the grantor, when there existed a legal or equitable enforceable interest, or if such were instituted prior to death on grounds of incompetency, by a committee appointed under provisions of Ch. 387. KRS. Exemplary of the first class are Maddox v. Maddox, et al., 258 Ky. 121, 79 S. W. 2d 402; Pelfrey v. Gross, 295 Ky. 602. 175 S. W. 2d 2, and Jones et al v. Jones, 305 Ky. 5, 202 S. W. 2d 746. In these and many others the actions were instituted by heirs after deaths of respective grantors, and in the Jones' case action was not begun until six years after grantor's death, and our opiniin was rendered some time after that in the Denison-McCann case. An action brought by committee during life of grantee was held to be properly maintainable in Murphy v. Lester et al., 280 Ky. 51, 132 S. W. 2d 542, and others where the basis was mental incapacity and undue influence.

It seems from a survey of cases of this character it has been the universal practice to begin such actions

where brought by heirs, after the death of the grantor, where the grounds were as stated in the instant case, ostensibly on the ground that no interest accrued until the death of the grantor. We find no case which would justify the maintenance of a suit of this kind prior to the death of the grantor, except where a then present enforceable interest in the subject matter was manifested, as was the situation in the Denison-McCann case.

There can be no argument as to the meaning of Sec. 18 of the Civil Code of Practice, directing that suits be maintained by the party in interest. The question here is whether the plaintiffs had or showed such interest as to authorize them to maintain the action.

The general applicable rule in testing the right to maintain an action is that the complaint must have an actual substantial interest in the subject matter involved. Terry v. Curd, 280 Ky. 73, 132 S.W.2d 526; Cannon v. Metrey, 306 Ky. 515, 208 S.W.2d 520, and the question of right to maintain suit may be raised by special demurrer. Taylor v. Hurst, 186 Ky. 71, 216 S.W. 95; Farmer v. Sales, 308 Ky. 124. 196 S. W. 2d 980.

One may not invoke the court's jurisdiction to maintain a civil action in an individual or representative capacity, unless he shows some real interest in the cause or a legal or equitable right, title or interest in the subject of the controversy. The plaintiff in an equity suit must have an actual existing interest in the subject matter involved; such should be a present, substantial interest as distinguished from a contingent interest or mere expectancy. Am. Jur. "Parties," Sections 10-13.

We held in Dailey v. O'Brien, 96 S. W. 521, 29 Ky. Law Rep. 811, that the allegation that plaintiffs were heirs-at-law was not sufficient to show them to be real parties in interest. Since appellants failed to show a real interest in the subject matter here in controversy, we are of the opinion that the chancellor correctly sustained the demurrer and dismissed the petition.

Judgment affirmed.