**In re PENN CENTRAL COMMERCIAL PAPER LITIGATION.**

Alex SHULMAN, Plaintiff,

v.

GOLDMAN, SACHS & CO. et al., Defendants,

Seattle-First National Bank, Applicant.

No. MDL 56A (DNE).

No. 71 Civ. 1996 (DNE).

United States District Court,
S. D. New York,
Civil Division.

April 4, 1974.

Graubard, Moskovitz, McGoldrick, Dannett & Horowitz, New York City, for plaintiff.

Sullivan & Cromwell, New York City, for defendants.

Keane & Butler, New York City, for applicant.

EDELSTEIN, Chief Judge.

## OPINION

Seattle-First National Bank ("Seattle-First") has moved the court for an order allowing it to intervene as a plaintiff, pursuant to Fed.R.Civ.P. Rule 24(a)(2) or 24(b)(2), in Alex Shulman v. Goldman, Sachs & Co. et al., 71 Civ. 1996 ("*Shulman I*") or alternatively for an order consolidating Alex Shulman v. Seattle-First National Bank (W.D. Washington Civ.No. 9760) 72 Civ. 616 ("*Shulman II*") with *Shulman I* pursuant to Fed.R.Civ.P. Rule 42(a). In order to understand the context in which this motion is made, it is necessary to detail the history of these cases.

In May, 1971 Alex Shulman commenced *Shulman I* in this court, seeking recovery of the face value of a commercial paper note of the Penn Central Transportation Company. He alleged that the note, which was never repaid, was purchased for him by his agent, Seattle-First, from Goldman, Sachs. In June, 1971 Shulman filed *Shulman II* in the Western District of Washington to recover the face value of the note from Seattle-First. Seattle-First asserted a claim over against Goldman, Sachs.

These two actions, along with forty-four other similar suits against Goldman, Sachs, were consolidated for coordinated pretrial proceedings before this court by the Judicial Panel on Multidistrict Litigation, pursuant to 28 U.S.C. § 1407 (1970). Coordinated pretrial proceedings were completed in November, 1973, and by letter dated November 28, 1973, this court suggested to the Judicial Panel on Multidistrict Litigation that it remand the consolidated cases to the transferor courts. On December 13, 1973 the Panel issued a conditional order remanding *Shulman II* to the Western District of Washington; Seattle-First opposed the remand and moved the panel to vacate its remand order. That motion had the effect of staying the remand pending further order of the Panel. *See* Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 28 U.S.C. § 1407 (Supp. II. 1972) Rule 15(f). Accordingly, this court retains such jurisdiction over *Shulman II* as was granted it by the transfer pursuant to 28 U.S.C. § 1407.

The threshold question presented is whether this court has the power to order intervention or consolidation. It is undisputed that, as the court before which *Shulman I* is currently pending, this court may order intervention pursuant to Fed.R.Civ.P. Rules 24(a)(2) or 24(b)(2). The question of whether this court may order consolidation of *Shulman II* with *Shulman I* is more complex.

Seattle-First argues that the transfer of *Shulman II* to this court, pursuant to 28 U.S.C. § 1407 (1970), gives this court jurisdiction and powers, with respect to pretrial proceedings, which are coextensive with that of the transferor court. Accordingly, Seattle-First reasons, this court has the power to grant a motion to consolidate because the motion was made as part of the pretrial proceeding. Alex Shulman and Goldman, Sachs argue that because the proposed consolidation is for all purposes and because *Shulman II* is before this court only for pretrial pur-

poses, in the absence of a transfer pursuant to 28 U.S.C. § 1404 (1970), the consolidation would be ineffective once the Panel remands the case to the transferor court. They further contend that this court cannot transfer *Shulman II* to itself pursuant to section 1404 because, in light of 12 U.S.C. § 94 (1970), that action could not have been brought originally in this district. In response Seattle-First contends that because *Shulman II* is already before this court, a section 1404 transfer is not a prerequisite to consolidation.

■■ The court is convinced that it does not have the power to order consolidation of *Shulman II* with *Shulman I*. Fed.R.Civ.P. 42(a) [1] provides for consolidation "[w]hen actions . . . are pending before the court. . . ." The question posed here is whether *Shulman II* is pending before this court for purposes of a Rule 42 consolidation. Rule 42 clearly contemplates a consolidation for proceedings beyond, as well as during, the pretrial stage of an action; indeed what Seattle-First seeks is a consolidation for all purposes. *Shulman II* is pending before this court pursuant to 28 U.S.C. § 1407 which restricts the jurisdiction of this court to pretrial proceedings. While *Shulman II* is clearly pending before this court for pretrial purposes, it is not pending in the sense meant by Rule 42 because that Rule exists in the context of a consolidation for purposes extending beyond pretrial. Accordingly, for a court to effect a consolidation pursuant to Rule 42, the actions to be consolidated must both be pending before the court for all purposes. That is not the case here and thus the court does not have the power

to consolidate *Shulman II* with *Shulman I* in accordance with Rule 42.

■ Furthermore, section 1407 and the Panel's Rules of Procedure do not contemplate a consolidation by the transferee court of cases from different districts. Rule 15(b) provides as follows:

Each transferred action that has not been terminated in the transferee court will be remanded to the transferor district for trial, unless ordered transferred by the transferee judge to the transferee or other district under 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406. . . .

Rules of Procedure of the Judicial Panel on Multidistrict Litigation, *supra,* Rule 15(b). The jurisdiction of the transferee court over the cases consolidated for pretrial purposes is thus ended in one of three ways: termination in the transferee court by valid judgment,[2] transfer by the transferee judge under section 1404(a) or section 1406, or remand to the transferor court. No provision is made for the transfer of a case other than under sections 1404(a) and 1406 or for the retention for trial by the transferee court of a case in which it is not also the transferor court. Consolidation of *Shulman II* with *Shulman I* would be tantamount to such a retention and finds no basis in the statutory scheme. Thus this court cannot, consistently with this scheme, order the consolidation sought by Seattle-First.

■ Because the jurisdiction vested in this court by the section 1407 transfer does not permit a consolidation under Rule 42(a), a transfer of *Shulman II* to this court pursuant to section

---

1. The full text of this Rule is as follows:

When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

2. Rule 15(a) of the Panel's Rules of Procedure provides for termination in the transferee court "by valid judgment, including but not limited to summary judgment, judgment of dismissal and judgment upon stipulation. . . ."

1404(a) is a necessary precondition to consolidation. The section 1407 transferee judge has the power to order a section 1404(a) transfer of a case pending before him for consolidated pretrial proceedings. Pfizer v. Lord, 447 F.2d 122 (2nd Cir. 1971). Thus if *Shulman II* satisfies the requirements for a section 1404(a) transfer, this court may order that transfer.

28 U.S.C. § 1404(a) (1970) provides as follows:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

■ This section, because of the "where it might have been brought" clause, must be read in conjunction with 12 U.S.C. § 94 (1970) which provides:

> Actions and proceedings against any [national banking] association under this chapter may be had in any district or Territorial court of the United States held within the district in which such association may be established. . . .

As a national bank, Seattle-First may be sued only in the district in which its principal office is located. Bruns, Nordeman & Co. v. American National Bank & Trust Co., 394 F.2d 300 (2nd Cir. 1968) cert. denied 393 U.S. 855, 89 S.Ct. 97, 21 L.Ed.2d 125 (1968). *Shulman II* could not have been brought in the Southern District of New York and, accordingly, cannot be transferred there under the terms of section 1404(a).

That the Panel may effect a section 1407 transfer in spite of section 94 is of no relevance here. Section 94 affects section 1404(a) because section 1404(a) requires that there be proper venue in the transferee court. The Panel has held that "Unlike section 1404(a), venue is not particularly relevant to the selection of a transferee court under section 1407." In re Revenue Properties Com-

pany, 309 F.Supp. 1002, 1004 (J.P.M.L. 1970). In considering the question of whether a section 1407 transfer could be ordered in a situation in which section 94 prohibited a section 1404(a) transfer, the Panel said "Such a lack of venue does not preclude transfer under section 1407." In re Westec Corp., 307 F.Supp. 559, 562 (J.P.M.L.1969).

In sum, this court, as transferee court under section 1407, does not have the power to consolidate *Shulman II* with *Shulman I* pursuant to Fed.R.Civ.P. 42(a) in the absence of a section 1404(a) transfer. Section 94 precludes such a transfer. Therefore, Seattle-First's motion for consolidation must be denied.

Seattle-First has also moved the court to allow it to intervene as a party plaintiff in *Shulman I*. Fed.R.Civ.P. 24(a) (2) provides for intervention upon timely application

> (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

The courts have not arrived at a precise definition of the nature of the "interest relating to the property or transaction which is the subject of the action" which is necessary for intervention as of right. However, an analysis of the cases on this subject reveals certain guidelines.

The Supreme Court, in denying a taxpayer the right to intervene in a proceeding to enforce a summons directed to his employer, held that Rule 24(a)(2) requires "a significantly protectable interest." Donaldson v. United States, 400 U.S. 517, 91 S.Ct. 534, 27 L.Ed.2d 580 (1971). The Court of Appeals for the Eighth Circuit, in denying a charging party the right to intervene in an

injunctive proceeding brought by the National Labor Relations Board, said "Intervention as of right presupposes that the applicant has a right to maintain a claim for the relief sought." Solien v. Miscellaneous Drivers & Helpers Union, 440 F.2d 124, 132 (8th Cir. 1971), cert. denied, 403 U.S. 905, 91 S. Ct. 2206, 29 L.Ed.2d 680 (1971). In United States v. 936.71 Acres of Land, 418 F.2d 551 (5th Cir. 1969), the proposed intervenor sought to assert rights belonging to an existing party to the litigation (the State of Florida) on the theory that a resolution in favor of the State would secure the State's title to a tract of land, the proceeds of which she sought an opportunity to buy. Judge Wisdom, writing for the Court of Appeals for the Fifth Circuit, said:

> A party has standing to prosecute a suit in the federal courts only if he is the "real party in interest" as that term is defined under Fed.R.Civ.P. 17(a). The stricture applies to intervenors as well as plaintiffs . . . . The authorities agree, moreover, that a party has no standing to assert a right if it is not his own. . . . Furthermore the interest sought to be enforced must be "a present, substantial interest as distinguished from a contingent interest or mere expectancy." Morgan v. King, 1950, 312 Ky. 792, 229 S.W.2d 976, 978.

United States v. 936.71 Acres of Land, supra, at 556. The Court of Appeals for the Seventh Circuit has held that Rule 24(a)(2) requires an interest that is direct rather than contingent. Air Lines Stewards & Stewardesses Ass'n v. American Airlines, Inc., 455 F.2d 101 (7th Cir. 1972). In Kheel v. American Steamship Owners Mutual Protection and Indemnity Ass'n, 45 F.R.D. 281 (S. D.N.Y.1968) negligence claimants who held provable claims against a bankrupt steamship company sought to intervene in a declaratory judgment action brought by the trustees in bankruptcy against the bankrupt's insurer for construction of a policy, issued by the insurer, which covered liabilities for personal injuries sustained by crew members. Judge Mansfield denied intervention saying

> no evidence is offered to show that the recovery would, as a matter of law, inure to the exclusive benefit of personal injury claimants, including movants, as distinguished from all other general creditors of the estate.
>
> · · ·
>
> The mere existence of a third person's contingent interest in the outcome of pending litigation is insufficient to warrant intervention.

Kheel v. American Steamship Owners Mutual Protection and Indemnity Ass'n, supra at 284.

The teaching of these cases is that an interest, to satisfy the requirements of Rule 24(a)(2), must be significant, must be direct rather than contingent, and must be based on a right which belongs to the proposed intervenor rather than to an existing party to the suit.

Seattle-First's papers do not clearly identify the interest it asserts as the basis for its proposed intervention. Seattle-First states that it has an interest in the commercial paper note which is the subject of Shulman I and its proposed complaint seeks recission of its purchase of that note from Goldman, Sachs as agent for Shulman and repayment of the $300,000 purchase price. The claim for recission and repayment, however, is a claim which belongs to Alex Shulman absent a finding in Shulman II that Seattle-First is liable to him. If allowed to intervene, Seattle-First will be asserting a claim which belongs to an existing party much as the proposed intervenor in United States v. 936.71 Acres of Land, supra, sought to assert the rights of the State of Florida. Intervention to assert such a claim

is clearly not contemplated by Rule 24(a)(2).

■ Seattle-First further submits that its interest arises from its status as a defendant in *Shulman II,* that it has an interest in intervening in *Shulman I* to avoid exposure to the possibility of liability in *Shulman II.* It argues that a resolution of *Shulman I* in favor of Goldman, Sachs may, through operation of the principles of stare decisis and collateral estoppel, prevent it from successfully asserting its claim-over against Goldman, Sachs in *Shulman II* should it be found liable to Alex Shulman in that case. It is clear that Seattle-First will have a direct and significant interest in the note if it is found to be liable to Shulman in *Shulman II.* The question here is whether potential impairment of that interest as a result of the resolution of *Shulman I* gives Seattle-First a sufficient interest in *Shulman I* to justify intervention. This question, in turn, depends on the likelihood that the principles of stare decisis and estoppel will operate as Seattle-First fears. Thus the directness of Seattle-First's interest in *Shulman I* depends on the likelihood that *Shulman I* will affect *Shulman II.*

The stare decisis effect of a decision in *Shulman I* cannot be called significant or direct. It is hornbook law that

> in the same court system, as in the federal, a decision is not binding upon a court of equal rank. . . . Thus a decision of one district court is not binding upon a different district court.

1B J. Moore, Federal Practice ¶ 0.-402[1] at 61. Determinations made by this court with respect to legal questions arising under the federal securities laws will not be binding on the district court in Washington. While it is true that a decision of one district court may be of some persuasive value in another, a holding that this constitutes an interest sufficient to justify intervention would expand the scope of Rule 24(a)(2) to such an extent that the interest requirement would essentially be read out of the rule. There is no basis in law or in policy for this court to take that step.

Seattle-First also argues that because it acted as Alex Shulman's agent in the transaction which gave rise to both cases, it may be estopped from relitigating in *Shulman II* issues which Shulman litigated against Goldman, Sachs in *Shulman I.*

The parties have offered no cases which determine, or even cast light upon, the issue of whether an agent who is suing upon a transaction is estopped, in any way, from asserting his claim if a judgment has already been rendered against the principal who has previously sued the same defendant with respect to that transaction. Seattle-First submits that the question could be decided either way.

Accordingly, Seattle-First's interest in the outcome of *Shulman I* is at best contingent. The collateral estoppel theory provides the basis for an interest only if it is assumed that *Shulman I* is tried before *Shulman II* and that the *Shulman II* court finds that an agent in Seattle-First's position can, as a matter of law, be estopped as a result of *Shulman I.* Neither of these assumptions can be made; both results are conjectural.

It cannot be said with any certainty that the outcome of *Shulman I* will impair Seattle-First's ability to protect itself in *Shulman II.* And because it is that impairment itself which forms the basis for the interest Seattle-First asserts to justify intervention, it cannot be said that Seattle-First has a direct and significant interest in *Shulman I.* The motion for intervention as of right must be denied for failure to comply with the interest requirement of Rule 24(a)(2).

**348**

Seattle-First also seeks to intervene pursuant to Fed.R.Civ.P. 24(b)(2) which provides for intervention upon timely application

> (2) when an applicant's claim or defense and the main action have a question of law or fact in common. . . . In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Intervention will necessarily prolong and complicate the proceeding. As Judge Wyzanski wrote:

> Additional parties always take additional time. Even if they have no witnesses of their own, they are the source of additional questions, objections, briefs, arguments, motions and the like which tend to make the proceeding a Donnybrook Fair.

Crosby Steam Gage & Valve Co. v. Manning, Maxwell & Moore, Inc., 51 F.Supp. 972, 973 (D.Mass.1943). In the exercise of its discretion the court should allow intervention only when there exists a benefit which will outweigh this delay. Seattle-First has demonstrated no such benefit in this case. It argues that the issues of law and fact in *Shulman II* are identical to those in the main case. Therefore, the proposed intervenor's only role here can be to underline the issues already raised by the primary litigants. This is particularly true in light of the fact that this court is in no position to grant any relief to Seattle-First in the absence of a determination in *Shulman II* which will cause it to incur damages as a result of the transaction which underlies both cases. Therefore, there is no justification for the delay which intervention will create in *Shulman I*. Intervention pursuant to Fed.R. Civ.P. 24(b)(2) is denied.

So ordered.