James R. YOCOM, Commissioner of Labor and Custodian of the Special Fund, Appellant,

v.

HI–FLAME COALS, INCORPORATED, Charles Hyden and Workmen's Compensation Board of Kentucky, Appellees.

Court of Appeals of Kentucky.

June 30, 1978.

Cyril E. Shadowen, Asst. Counsel Dept. of Labor, Louisville, for appellant.

Gayle G. Huff, Harlan, Neville Smith, Manchester, for appellees.

Before MARTIN, C. J., and REYNOLDS, and WILHOIT, JJ.

REYNOLDS, Judge.

The Workmen's Compensation Board found appellee-employee, Charles Hyden, to be permanently and totally disabled as a result of an injury of July 24, 1972, and further found him to be totally and permanently disabled from November 28, 1972, as a result of the occupational disease of pneumoconiosis and/or silicosis, which arose out of and in the course of his employment as a coal miner. The Board, inter alia, ordered the Special Fund, appellant, and the appellee-employer to pay $60 per week for 425 weeks (less certain credits), and with the Special Fund also receiving credit for the overlap.

The appellee-employer filed a petition in Clay Circuit Court for review of the Board's order and award, solely upon the issue of its liability, and named the Workmen's Compensation Board and the employee as respondents. Thereafter, the Special Fund, which had not appealed nor been named as a respondent, moved to intervene and/or have the appeal to circuit court dismissed for failure to join it, the Special Fund, as an adverse and indispensable party. The order and judgment of Clay Circuit Court denied the Special Fund's motions and held that the Board's award was erroneous since there was no probative evidence to support the Board's award against the employer for the July 24, 1972, injury.

■ The Special Fund appeals and maintains that it was an adverse and indispensable party to the circuit court appeal, pursuant to K.R.S. 342.285, and that it was error for the court to deny intervention.

The employer's petition for review to circuit court designated the grounds upon which it sought review, which were limited to the Board's finding and award pertaining to the July 24, 1972, injury. It is patent that the employer is solely responsible for the disability attributable to the accident and the Special Fund solely responsible for the disability attributable to the pneumoconiosis and/or silicosis. Neither the employer nor the Special Fund was arrayed or occupied a position as being clearly adverse parties in the proceedings before the Workmen's Compensation Board. We find, to that extent, that the Special Fund was not an adverse party nor had it challenged or appealed as to the propriety of the award imposed upon it. However, it is obvious that the net effect of the Board's award imposed total or almost complete liability for the responsibility of payments upon the employer (so long as the disability is attributable to the injury). The Board's award was not an apportioned one. See *Estep Coal Company v. Ward*, Ky., 421 S.W.2d 367 (1967). The trial court's refusal to dismiss the petition for a review was not clearly erroneous, and the appellant's authorities are clearly distinguishable. *Boyd & Usher Transport v. Southern Tank Lines, Inc.*, Ky., 320 S.W.2d 120 (1959), and *George v. Kentucky Alcoholic Beverage Control Bd.*, Ky., 403 S.W.2d 24 (1966).

■ The denial of appellant's motion to intervene or appear in the appeal before the trial court did constitute prejudicial error.

■ K.R.S. 342.285(4) provides that the Board and each party may appear in such review proceedings, and with this statutory provision coupled with CR 24 we find under the facts of this case that the defense, sought to be raised by the intervenor (appellant), involved some common questions of fact with the main action, and that the appellant had a contingent pecuniary interest in the subject of the appeal litigation, all of which provided a basis for intervention. K.R.S. 342.285(1) clearly provides that both the Board and an adverse party are to

be made respondents to an appeal to circuit court, while subsection (4) establishes a permissive basis for other parties to the action to appear in the review proceeding. We hold the definition of "appear" or "appearance" to mean, in this proceeding, as a coming into court as a party, not a mere corporal presence, by the giving of notice and the performance of some act and, as herein, the filing or tendering of an answer. Our courts, generally, construe CR 24 liberally in order to effect the purpose of intervention. 67 C.J.S. *Parties* § 53. Also, see *Tatum v. Cardillo,* 11 F.R.D. 585 (1951).

The order and judgment of Clay Circuit Court denying appellant's motion to intervene is reversed and remanded to the circuit court for further proceedings consistent with this opinion.

All concur.