644 F.2d 849
 ROSEBUD COAL SALES CO., Appellee,
v.
Cecil D. ANDRUS, Secretary of the United States Department
of the Interior; Frank Gregg, Director of the Bureau of Land
Management, United States Department of the Interior; Marla
B. Bohl, Chief, Land and Mining, Bureau of Land Management,
Wyoming State Office, United States Department of the
Interior; United States Department of the Interior, Rocky
Mountain Energy Company (Denied intervention by District
Court), Appellant.
 No. 80-1890.
 United States Court of Appeals,
Tenth Circuit.
 Submitted Dec. 19, 1980.
Decided March 24, 1981.
 
 Kenneth D. Hubbard, William E. Murane, Gerald J. Schissler and Paul D. Phillips of Holland & Hart, Denver, Colo., Marilyn S. Kite of Holland & Hart & Kite, Laramie, Wyo., and Dennis P. Christianson of Peter Kiewit Sons' Co., Omaha, Neb., for appellee.
 Russell H. Carpenter, Jr. and Alex Kozinski of Covington & Burling, Washington, D. C., Kenneth R. Oldham and Kevin Loughrey, Denver, Colo., and D. Thomas Kidd, Casper, Wyo., for appellant Rocky Mountain Energy Co.
 Before BARRETT, McKAY and LOGAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Circuit R. 10(e). The cause is therefore ordered submitted without oral argument.
 
 
 2
 Rocky Mountain Energy Company (RME) appeals from the August 13, 1980 order of the district court denying RME's motion to intervene in the case of Rosebud Coal Sales Co. v. Andrus, No. C79-160B (D.Wyo. June 10, 1980)[1] after the district court had entered judgment. The Rosebud case concerns the Department of Interior's ability to adjust upward the royalty rate payable by Rosebud Coal Sales Company (Rosebud) to the United States on certain coal taken pursuant to Rosebud's federal coal lease. RME is not a party to that lease. The district court held that the Department of the Interior's attempted adjustment was arbitrary, capricious, and beyond the Department's statutory authority.
 
 
 3
 RME contends that it must be permitted to intervene in the Rosebud litigation because it has a Fed.R.Civ.P. 24(a)(2) "interest" in the action arising from its independent coal leasing contract with Rosebud covering non-federal coal deposits. Under this contract, RME leases coal land to Rosebud in return for a royalty payment on coal taken from the property. The royalty rate of this contract is determined by reference to the royalty rate payable by Rosebud to the United States under Rosebud's federal coal lease. Thus, if the Department of Interior can successfully increase Rosebud's royalty rate, RME will profit correspondingly.
 
 
 4
 RME was content to protect its interest at trial by way of an amicus brief. Subsequent to the district court's adverse order, however, RME began to feel insecure about the Department's desire to seek review of that order. RME filed a motion to intervene pursuant to Fed.R.Civ.P. 24(a)(2). The district court denied the motion on the ground that it was untimely.
 
 
 5
 Although we agree that RME should not be permitted to intervene on the government's side in the Rosebud case, we do so for reasons other than those expressed by the district court.[2] We hold that RME has not demonstrated a sufficient "interest" in the underlying litigation to be able to intervene as of right.
 
 
 6
 Rule 24(a)(2)'s requirement that an intervenor of right have "an interest relating to the property or transaction which is the subject of the action" is vague, and as Professor Wright has noted, "There is as yet no consensus about the kind of 'interest' that the would-be intervenor must have." C. Wright, Law of Federal Courts 370 (3rd ed. 1976). We must determine whether appellant's interest in the Rosebud action is sufficient by considering the policies underlying the "interest" requirement of Rule 24(a)(2) as they apply to the individual factual circumstances of this case.[3]
 
 
 7
 The dispute between Rosebud and the Department of Interior arises from the statutory right retained by the Department in its lease agreement with Rosebud to raise the royalty rate every twenty years. The Department did not raise the rates in the twentieth year, and RME does not contend that the Department had a duty to do so. The issue in the litigation is whether the rate may be raised only on the twenty-year anniversary, or anytime after twenty years but no more often than once every twenty years. RME's only claim of interest is in support of the Department's claim. RME has no claim of privity to the Department's contract with Rosebud. RME's claim arises only because it voluntarily adopted the Department-Rosebud rate schedule as the standard by which its own lease rates with Rosebud should be measured. If such an interest were permitted to support a claim for intervention as a matter of right, it would open the door to intervention as of right every time a dispute arises over the adjustment of any federal standard by unknown thousands of interests which have adopted various federal standards by reference in their wage, price, or other relationships. Whatever may be the ultimate contours of a Rule 24(a)(2) "interest," it cannot have been intended to include one so tenuous or so increasingly universal.[4] Seen in this light, the mere fact of RME's contract with Rosebud gives it no greater interest in the Rosebud appeal than that shared by total strangers to Rosebud who have chosen to incorporate the Department-Rosebud rate schedule in their coal leasing contracts. The mere practice or device of referencing cannot bootstrap a private party into unwelcome partnership with the government every time it litigates over one of its discretionary standard-fixing activities.
 
 
 8
 RME and Rosebud took reciprocal risks by tying their contract lease rate to governmental activity. The risk was that the government might choose to pursue its ends via means that would adversely affect either RME's or Rosebud's contractual position. Rosebud's risk was somewhat the lesser only because it had a separate contract with the government enabling it to participate in the government's lease rate decision. RME has no such separate contract with the government and must now bear its risk as a concerned spectator, whose right to remain in the Rosebud appeal as amicus curiae is not affected by this decision,[5] and not as an interested litigant.
 
 
 9
 AFFIRMED.
 
 
 
 [1]
 The Department of the Interior has appealed this decision. See Rosebud Coal Sales Co. v. Andrus, No. 80-1842 (10th Cir., appeal filed August 11, 1980)
 
 
 [2]
 We do not decide whether RME's motion was untimely. For a discussion of when post-judgment intervention is appropriate, see United Airlines, Inc. v. McDonald, 432 U.S. 385, 97 S.Ct. 2464, 53 L.Ed.2d 423 (1977)
 
 
 [3]
 Attempts to add content to Rule 24(a)(2)'s "interest" requirement have met with questionable success. Nuesse v. Camp, 385 F.2d 694 (D.C.Cir.1967), states that a court's construction should be "guided by the policies behind the 'interest' requirement.... (T)he 'interest' test is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." Id. at 700. Piambino v. Bailey, 610 F.2d 1306 (5th Cir. 1980) takes a narrower view and requires "that intervention of right be supported by a 'direct, substantial, legally protectable interest in the proceedings.' " Id. at 1321 (quoting United States v. Perry County Bd. of Educ., 567 F.2d 277, 279 (5th Cir. 1978) (quoting Diaz v. Southern Drilling Corp., 427 F.2d 1118, 1124 (5th Cir. 1970)). One " 'has standing to prosecute a suit in the federal courts only if he is the "real party in interest" as that term is defined under Fed.R.Civ.P. 17(a). The stricture applies to intervenors as well as plaintiffs.' " Id. (quoting United States v. 936.71 Acres of Land, 418 F.2d 551, 556 (5th Cir. 1969))
 The Tenth Circuit has required that "(t)o qualify for intervention under Rule 24(a), the 'interest' asserted in the subject of the litigation must be a specific legal or equitable one." Allard v. Frizzell, 536 F.2d 1332, 1333 (10th Cir. 1976). See also Toles v. United States, 371 F.2d 784 (10th Cir. 1967). Compare the Supreme Court's latest comment on the issue: "What is obviously meant (in Rule 24(a)(2)) is a significantly protectable interest." Donaldson v. United States, 400 U.S. 517, 531, 91 S.Ct. 534, 542, 27 L.Ed.2d 580 (1971).
 The fact dependence of Rule 24(a)(2)'s interest requirement is illustrated in Natural Resources Defense Council, Inc. v. United States, 578 F.2d 1341 (10th Cir. 1978). The plaintiff in that case sought to enjoin the issuance of a license for the operation of a uranium mill in New Mexico. The particular license in question was to be issued to United Nuclear Corporation, and its motion to intervene was not opposed. Two other uranium mill operators, who were likely applicants for licenses, sought to intervene as a matter of right. In reversing the district court's denial of intervention, this court implicitly recognized that the would-be intervenors' "interest" in the litigation was essentially coterminous with United Nuclears; if the plaintiff prevailed in its suit, the stare decisis effect of the decision would directly and adversely affect the would-be intervenors' ability to operate their uranium mills. Such an interest in a controversy can satisfy Rule 24(a)(2).
 
 
 [4]
 It would be absurd to allow the unilateral conduct of private parties to divest the government of control over its own litigation
 
 
 [5]
 The motions of four other concerned parties to file amicus curiae briefs in the Rosebud appeal were recently granted. See order in Rosebud Coal Sales Co. v. Andrus, No. 80-1842 (10th Cir., appeal filed August 11, 1980), filed Feb. 6, 1981