Robert E. **GAYNER**, Appellant,

v.

**PACKAGING SERVICE CORPORATION OF KENTUCKY, Bernard Chapnick, Gemini Laminating Corporation, Appellees.**

Court of Appeals of Kentucky.

Feb. 5, 1982.*

---

* This case was originally designated "Not to be Published." On April 2, 1982 the Supreme Court ordered it published.

Stuart A. Handmaker, C. Alex Rose, Louisville, for appellant.

Gerald Kirven, Louisville, Charles H. Zimmerman, Jr., Louisville, for appellees.

Before REYNOLDS, WHITE and WINTERSHEIMER, JJ.

WINTERSHEIMER, Judge.

This appeal is from an order entered February 9, 1981, denying Gayner's motion pursuant to CR 24.01(b) to intervene as a matter of right.

The issue on appeal is whether the trial judge correctly determined that Gayner did not have a sufficient interest in the lawsuit between Packaging Service and Chapnick to permit intervention as a defendant as a matter of right.

Gayner is a New Hampshire resident who conducts his business primarily in Massachusetts. He had offered financial assistance to Chapnick who was considering purchase of 825 shares of stock from Packaging Service. Chapnick, a Massachusetts resident, is president of Gemini Laminating Corporation and owns 17½ percent of Gemini's stock. Gemini, a Kentucky corporation, has its principal business operation in Massachusetts. It is a subsidiary of Packaging Service which owns 82½ percent of the stock of Gemini.

Chapnick and Packaging Service entered an agreement which permitted either party first option to purchase Gemini stock upon 120 days notice. In 1979 Packaging Service advised Chapnick of its desire to sell its shares. Before the expiration of the notice, Chapnick notified Packaging Service that he desired to purchase their shares. A disagreement arose and Packaging sued Chapnick and Gemini in Jefferson Circuit Court for a declaration of rights. During discovery procedures, it was ascertained that Chapnick had insufficient financial backing to pay for the shares and had discovered a prospective financial backer, Gayner. Gay-ner filed suit in Massachusetts and obtained a restraining order. He also sought to intervene in the Kentucky circuit court action. Additionally Gayner filed an independent action against Packaging Service in Jefferson Circuit Court.

The Jefferson Circuit Court denied Gayner's right to intervene because he had not demonstrated a direct, substantial and legally protectable interest in the suit between Packaging and Chapnick sufficient to establish intervention.

Later the Massachusetts temporary restraining order was dissolved and Packaging and Chapnick settled and dismissed the Kentucky suit. This appeal is prosecuted from the order denying intervention in that action.

This Court affirms the order of the circuit court.

The trial judge correctly determined that Gayner did not have a sufficient interest in the litigation between Packaging and Chapnick to be entitled to intervene as a matter of right. Gayner had no present substantial interest in the subject matter of the lawsuit as distinguished from a mere expectancy or contingent interest.

The crux of the suit between Packaging and Chapnick was Chapnick's claim to an exclusive right to buy Packaging's shares of Gemini stock and Packaging's assertion that he had lost that right and that they would sell to anyone who would purchase them. Until Chapnick could win the suit against Packaging, he had no present or substantial interest in the stock as distinguished from a mere contingent interest. Gayner's only involvement was as a financial backer of Chapnick. Gayner had no actual existing interest in the Packaging stock. His interest was remote because he could only claim through Chapnick. There is evidence to the effect that Gayner charged that Chapnick reneged on his agreement to allow Gayner to have the shares.

Gayner was a total stranger to the employment contract between Packaging and Chapnick which contained the stock option purchase. That contract was made before

Gayner was involved in any way. He was not a third party beneficiary of the agreement.

CR 24.01(b), like its federal counterpart, Fed.R.Civ.P. 24, does not permit a contingent interest such as the Gayner claim to be placed in issue by intervention. Gayner's interest does not qualify as significantly protectable as that term is used in *In re Penn Central Commercial Paper Litigation*, 62 F.R.D. 341 (S.D.N.Y.1974). Gayner's situation is analogous to that of the appellant in *Morgan v. King*, 312 Ky. 792, 229 S.W.2d 976 (1950), which decided the "real party in interest" question. We believe the right to intervene is directly related to the questions determined by *Morgan, supra*. *Also see United States v. 936.71 Acres of Land*, 418 F.2d 551 (5th Cir. 1969). Another federal case denying the right to intervene because of a failure to demonstrate a sufficient interest in the basic litigation is *Rosebud Coal Sales Co. v. Andrus*, 644 F.2d 849 (10th Cir. 1981).

The appropriate standard of review is whether the decision of the circuit court was erroneous. *Ashland Public Library Board of Trustees v. Scott*, Ky., 610 S.W.2d 895 (1981). Here the trial court order was correct.

We are not persuaded that the case of *Yocom v. Hi-Flame Coals, Inc.*, Ky.App., 568 S.W.2d 757 (1978), would allow the Gayner intervention and is not controlling. Here, the posture of the parties is totally different. The primary reason this Court allowed the Special Fund to intervene in *Yocom* was the existence of KRS 342.285 which granted a right to appear in the proceedings. Here Gayner's interest in the litigation is only contingent based upon Chapnick's contingent interest which was being contested. Unlike the Special Fund in *Yocom*, which, without intervention would have lost all remedies against having to pay the compensation award, Gayner does have remedies against both Packaging and Chapnick which he is pursuing in separate legal actions against them.

Consequently, the trial judge's order does not deprive Gayner of his remedies or claims against either Packaging or Chapnick. He has sued Chapnick in Massachusetts and Packaging in Kentucky. Both actions are still pending.

For the reasons set out above the order of the circuit court is affirmed.

All concur.