RENDERED:  NOVEMBER 12, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0060-MR

JANE DOE; JANE DOE II; JANE DOE
IV; JANE DOE V; AND JANE DOE VI                    APPELLANTS

APPEAL FROM JEFFERSON CIRCUIT COURT
v.       HONORABLE JUDITH E. MCDONALD-BURKMAN, JUDGE
ACTION NO. 19-CI-006524

LOUISVILLE/JEFFERSON COUNTY
METRO GOVERNMENT AND
PABLO CANO                                          APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  LAMBERT, McNEILL, AND TAYLOR, JUDGES.

LAMBERT, JUDGE:  Five Jane Does (the Jane Doe Plaintiffs) have appealed

from the December 16, 2019, opinion and order of the Jefferson Circuit Court

denying their motion to intervene in a declaration of rights action filed by

Louisville/Jefferson County Metro Government (Louisville Metro) against former

Louisville Metro Police Officer Pablo Cano related to indemnification.[1]  We affirm.

Louisville Metro is a consolidated local government as authorized by Kentucky Revised Statutes (KRS) Chapter 67C.  On October 18, 2019, it filed a declaration of rights action against Cano pursuant to KRS 418.010 as to its duties to Cano under the Claims Against Local Governments Act ("CALGA"), KRS 65.200, *et seq.*  In 2017 and 2018, six women filed separate civil lawsuits against Cano both in his individual capacity and in his official capacity as a former officer with the Louisville Metro Police Department (LMPD).[2]  The women claimed that Cano had committed rape and engaged in sexual misconduct, for which they alleged causes of action for assault, battery, and the intentional infliction of emotional distress.  On October 7, 2019, Cano entered guilty pleas in Jefferson Circuit Court, Action No. 19-CR-002729, to five counts of sexual misconduct, a Class A misdemeanor, related to these allegations.[3]

---

[1] This panel is also considering the appeals in *Jane Doe V v. Louisville Metro Police Department and Louisville Jefferson County Metro Government*, Appeal No. 2019-CA-0210-MR, and *Gaeta v. Louisville Metro Police Department*, Appeal No. 2019-CA-1810-MR.

[2] Jane Doe III's suit was dismissed in July 2018, leaving Jane Doe, II (Angela Gaeta), IV, V, and VI's suits remaining.

[3] The final judgment and sentence reflects that Cano received twelve-month concurrent sentences for the sexual misconduct convictions.  Cano also pled guilty to possession of matter portraying a sexual performance by a minor for which he received a five-year sentence.  The sentences were to be served concurrently for a total of five years' imprisonment.

In its complaint, Louisville Metro stated that CALGA statutorily mandates that it provide a defense for and pay any judgment rendered against its employees or former employees unless certain circumstances exist, such as if the actions arose from an employee's acts that were outside the apparent or actual course and scope of employment or if the employee acted with fraud, malice, or corruption. *See* KRS 65.2005(3)(a) and (b). Pursuant to CALGA's mandate, Louisville Metro had been providing a defense for Cano in the Jane Doe civil actions under a reservation of rights. In the current action, Louisville Metro sought a declaration of rights to determine whether it should be relieved from continuing to provide a defense for Cano or be required to pay any judgment obtained against him based on the allegation that Cano had not been acting in the course and scope of his employment as a LMPD officer or because the acts were committed with fraud, malice, or corruption. The circuit court appointed a guardian *ad litem* for Cano, who was incarcerated.

Shortly after the present action was filed, the Jane Doe Plaintiffs moved to intervene as co-plaintiffs, stating that their claims gave rise to the action. They sought intervention as a matter of right pursuant to Kentucky Rules of Civil Procedure (CR) 24.01, arguing that the declaratory judgment action directly impacted any remedy they might have in the pending civil actions. They also sought permissive intervention pursuant to CR 24.02, arguing that the facts in this

action came from the five civil actions involving their civil claims against Cano. Louisville Metro objected to the motion to intervene. It argued that the Jane Doe Plaintiffs were not entitled to mandatory intervention, as they did not have a statutory right to intervene, nor did they have an interest on the stated basis of their ability to recover as they did not have any judgments against Cano. In addition, a judgment in the declaratory action would not deprive them of any remedies or claims against Cano in the underlying actions. As to a permissive right to intervene, Louisville Metro asserted that there was no statutory right to intervene, nor were there any common questions of law or fact that would justify intervention. Their claims were for intentional torts, while the declaratory judgment action addressed Louisville Metro's rights and obligations under CALGA based upon Cano's acts.

On December 16, 2019, the circuit court entered an opinion and order denying the Jane Doe Plaintiffs' motion to intervene under both rules, relying upon *Philadelphia Indemnity Insurance Company v. Youth Alive, Inc.*, 2010 WL 1416708 (W.D. Ky. Mar. 31, 2010), a federal district court opinion cited by Louisville Metro in its response. As to their mandatory right to intervene under CR 24.01, the court stated:

> The case at bar is analogous to the *Youth Alive* case except that the duty to defend is a statutory rather than a contractual one. Here, as in *Youth Alive* the proposed intervenors have no judgment. A judgment in

-4-

> this action will not impact the Jane Does['] ability to recover in the actions that are still pending. Therefore, the Court finds that there is no necessity for mandatory intervention.

As to their permissive right to intervene under CR 24.02, the court stated:

> Clearly, there is no statutory right to intervene here. Further, the declaratory judgment action has no questions of law or fact in common with the tort actions filed by the Jane Does. The declaratory judgment action is for purposes of interpreting the CALGA and the rights and obligations of the Plaintiff and Defendant herein. The tort claims are for assault, battery and intentional infliction of emotional distress. Further, as provided in CR 24.02 the Court has considered the issue of the delay caused by the intervention of five additional parties. Therefore, the Court finds that there is no right to permissive intervention.

The Jane Doe Plaintiffs moved the court to reconsider its decision or, in the alternative, to make the opinion and order final so that they could proceed with an appeal. The circuit court opted to make the December 16, 2019, order final and appealable, and this appeal now follows.

On appeal, the Jane Doe Plaintiffs continue to argue that the circuit court should have permitted them to intervene in Louisville Metro's declaratory judgment action, while Louisville Metro disputes these assertions.

For their first argument, the Jane Doe Plaintiffs state that there is no way to separate their interests in the declaratory judgment action from the other civil actions and that their interests were not being adequately represented by other

parties. CR 24.01(1) sets forth two situations where intervention as a matter of right will be allowed:

> Upon timely application anyone shall be permitted to intervene in an action (a) when a statute confers an unconditional right to intervene, or (b) when the applicant claims an interest relating to the property or transaction which is the subject of the action and is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless that interest is adequately represented by existing parties.

There is no dispute that a statutory right did not exist under (a); therefore, we shall confine our analysis to whether the Jane Doe Plaintiffs were entitled to intervene under (b). "We review the denial of a motion to intervene as a matter of right for clear error." *Hazel Enterprises, LLC v. Community Financial Services Bank*, 382 S.W.3d 65, 67 (Ky. App. 2012) (citing *Carter v. Smith*, 170 S.W.3d 402, 409 (Ky. App. 2004)).

The circuit court held that the Jane Doe Plaintiffs did not have a substantial legal interest in the subject matter of the declaratory judgment action because they did not have a judgment and that a judgment in this case would not affect their ability to recover in the pending civil actions. We agree.

Louisville Metro cites to *Gayner v. Packaging Service Corporation of Kentucky*, 636 S.W.2d 658, 659 (Ky. App. 1982), to argue that, because the Jane Doe Plaintiffs did not yet have a judgment in their civil actions, their expectation

-6-

was not sufficient to mandate intervention. "Gayner did not have a sufficient interest in the litigation between Packaging and Chapnick to be entitled to intervene as a matter of right. Gayner had no present substantial interest in the subject matter of the lawsuit as distinguished from a mere expectancy or contingent interest." *Id.* The Court explained the circumstances of that case as follows:

> The crux of the suit between Packaging and Chapnick was Chapnick's claim to an exclusive right to buy Packaging's shares of Gemini stock and Packaging's assertion that he had lost that right and that they would sell to anyone who would purchase them. Until Chapnick could win the suit against Packaging, he had no present or substantial interest in the stock as distinguished from a mere contingent interest. Gayner's only involvement was as a financial backer of Chapnick. Gayner had no actual existing interest in the Packaging stock. His interest was remote because he could only claim through Chapnick. There is evidence to the effect that Gayner charged that Chapnick reneged on his agreement to allow Gayner to have the shares.

*Id.*

In the present case, we agree with Louisville Metro that any interest the Jane Doe Plaintiffs have in the outcome of the declaration of rights action is not a substantial, legal interest that would support intervention as a matter of right. They have not yet obtained any judgments against Cano for which they could seek enforcement, and the result in this action would not preclude them from continuing to pursue their tort claims in the pending civil actions.

-7-

In addition, we agree with Louisville Metro that there is no indication in the record that whatever rights the Jane Doe Plaintiffs might have are not being protected. The circuit court appointed counsel for Cano, and his counsel was actively defending Cano's interests in Louisville Metro's declaration of rights action. *See Youth Alive*, 2010 WL 1416708 at *2 ("Youth Alive is presently actively and vigorously represented in the coverage matter. The estates have shown only [an] ill-defined concern that such representation may not continue at some point in the future.").

Accordingly, we find no clear error in the circuit court's denial of the Jane Doe Plaintiffs' motion to intervene as a matter of right pursuant to CR 24.01.

Next, the Jane Doe Plaintiffs argue that they should have been permitted to intervene under CR 24.02. This rule allows for permissive intervention under two circumstances:

> Upon timely application anyone may be permitted to intervene in an action: (a) when a statute confers a conditional right to intervene or (b) when an applicant's claim or defense and the main action have a question of law or fact in common. . . . In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

"CR 24.02 provides trial courts with discretion to allow intervention in cases if the interest of the movant so warrants, even if the asserted interest fails to satisfy the dictates of CR 24.01[.]" *A. H. v. W. R. L.*, 482 S.W.3d 372, 375 (Ky. 2016).

As with the previous issue, there is no statute permitting intervention under CR 24.02(a). Therefore, there must be a question of law or fact in common between the declaratory judgment action and the Jane Doe Plaintiffs' civil actions in order for CR 24.02(b) to apply here. As the circuit court held and Louisville Metro argues, there are no common questions of law or fact between the actions. The Jane Doe Plaintiffs' civil actions are for intentional torts allegedly committed by Cano, including assault, battery, and the intentional infliction of emotional distress. The question to be decided in Louisville Metro's declaration of rights action involves statutory interpretation, *i.e.*, whether Louisville Metro is obligated to provide Cano with a defense and indemnification in the tort cases pursuant to CALGA. While Louisville Metro would not have had to file the declaration of rights action if the Jane Doe Plaintiffs had not filed their civil actions, that is not a sufficient enough commonality of either law or fact to support permissive intervention. The circuit court also appropriately considered the delay that would arise from the addition of five parties to the declaration of rights action. Accordingly, the circuit court did not abuse its discretion in denying permissive intervention pursuant to CR 24.02.

For the foregoing reasons, the opinion and order of the Jefferson Circuit Court denying the Jane Doe Plaintiffs' motion to intervene is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANTS:

Shannon Fauver
Louisville, Kentucky

John Spainhour
Shepherdsville, Kentucky

BRIEF FOR APPELLEE
LOUISVILLE/JEFFERSON
COUNTY METRO GOVERNMENT:

Michael J. O'Connell
Brendan R. Daugherty
Louisville, Kentucky