Arnold W. CARTER, Appellant,

v.

Jamie D. SMITH and Bourbon County Board of Education, Appellees.

No. 2003–CA–001054–MR.

Court of Appeals of Kentucky.

Oct. 8, 2004.

Discretionary Review Denied by Supreme Court Sept. 14, 2005.

Joe F. Childers, Lexington, KY, for appellant.

Neil Duncliffe, Georgetown, KY, for appellee, Jamie D. Smith.

Sam P. Burchett, Lexington, KY, for appellee, Bourbon County Board of Education.

Before GUIDUGLI and KNOPF, Judges; EMBERTON, Senior Judge.[1]

## OPINION

GUIDUGLI, Judge.

Arnold W. Carter has appealed from the portion of the Bourbon Circuit Court's May 13, 2003, Opinion and Order denying his motion to intervene as a matter of right pursuant to CR 24.01. Carter had moved to intervene, both as a matter of right and permissibly, in a lawsuit filed by Jamie D. Smith against the Bourbon County Board of Education alleging violations of the Open Meetings Act. Because we have determined that the denial of the motion to intervene as a matter of right was immediately final and appealable and that the circuit court should have granted the motion, we reverse and remand.

On December 3, 2002, Smith, a resident of Paris, Kentucky, filed a two-count complaint in Bourbon Circuit Court against the Bourbon County Board of Education alleging six violations of the Open Meetings Act[2] in 2001 and 2002. In late January, Smith moved the circuit court to file an amended complaint. Following a hearing, the circuit court granted Smith's motion and her amended complaint was filed on February 4, 2003. In her amended complaint, Smith included a third count, alleging that the Board went into a closed session at a December 19, 2002, meeting for a stated purpose of discussing pending

---

1. Senior Judge Thomas D. Emberton sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.

2. KRS 61.805 to 61.850.

litigation and personnel without giving notice of the specific provision of KRS 61.810 authorizing the closed session. Immediately following the closed session, the Board accepted the resignation of Superintendent Arnold W. Carter effective December 31, 2002, and hired him as a consultant through December 31, 2003, at a cost of approximately $133,000, as well as $3,000 in moving expenses. The Board and Carter entered into an agreement regarding his retention as a consultant on December 23, 2002. Smith requested that the circuit court declare the action at the December 19, 2002, meeting null and void and that any funds Carter was paid be turned over to Bourbon County Schools.

In a related motion, Smith moved for a temporary injunction to enjoin the Board from making any additional payments to Carter under the contract. Following a hearing in March, the circuit court entered a temporary injunction against the Board and enjoined it from making any further payments pursuant to the December 23, 2002, contract. The Board was ordered to pay all money due into an escrow account pending a final decision as to the validity of the contract. The circuit court allowed the parties sixty days from March 4, 2003, to take additional proof, after which it would decide whether to issue a permanent injunction or a judgment in favor of the Board.

At an April 9, 2002, hearing, Carter made motions to intervene as a defendant and to obtain a restraining order to prevent the hiring of a new superintendent. These motions were eventually filed with the clerk twenty days later. Carter first filed a motion to intervene as a matter of right pursuant to CR 24.01, and later amended his motion to include a request for permissive intervention pursuant to CR 24.02. In his original motion, Carter stated that he had signed an employment contract with the Board on June 5, 2001, providing that he would serve as Superintendent from July 1, 2001, through June 30, 2005. He resigned this position on December 30, 2002, conditioned on a new consulting contract he signed with the Board. Because the circuit court issued a temporary injunction in March, Carter was no longer being paid for his consulting services under his contract. Therefore, he requested permission to intervene as a matter of right pursuant to CR 24.01(1)(b), because he was so situated that the disposition of the action may have as a practical matter impaired or impeded his ability to protect his interests, which neither Smith nor the Board could be expected to do. In another motion, Carter requested a restraining order to prevent the Board from hiring a new Superintendent in case the circuit court decided that his consulting contract with the Board was void. The circuit court passed the motion to intervene to allow the parties to brief the issue, and denied his motion for a restraining order because Carter was not a party in the action.

In his memorandum in support of the motion to intervene, Carter asserted that he had a contractual right in the December 23, 2002, consulting contract as well as in his Superintendent contract, should the consulting contract be declared void. He also argued that his interests would not be adequately protected by the existing parties; Smith wanted to enjoin the Board from paying him, and the Board had a financial interest in not paying any money to him and had refused to ratify the December contract in a later open meeting. The Board filed a response in opposition to Carter's motion and amended motion to intervene, arguing that Carter's resignation was not conditioned on the consulting contract, that it was his duty to correctly post the agenda and ensure conformity with the Open Meetings requirements, and

that the motion to intervene was untimely. The Board indicated that Carter and his attorney had attended the original January hearing, but did not attempt to intervene until April. Because he was aware of the lawsuit and could have intervened prior to the March 4, 2003, hearing, but chose not to do so, his motion was not timely filed.

On May 13, 2003, the circuit court entered an Opinion and Order denying Carter's motion to intervene pursuant to CR 24.01 and his amended motion to intervene pursuant to CR 24.02, the pertinent parts of which read as follows:

> This case involves allegations by Plaintiff that the Bourbon County Board of Education ("Board") violated the open meetings statute of the Commonwealth of Kentucky on several occasions. Plaintiff sought a temporary injunction concerning the resignation of Mr. Carter as superintendent and the awarding of a consultant contract to him at that same meeting. A hearing was conducted by this Court on March 4, 2003, and a temporary injunction was entered by this Court at that time.

> Mr. Carter now seeks to intervene into this action pursuant to CR 24.01, which states as follows:

>> Upon timely application anyone shall be permitted to intervene in an action (a) when a statute confers an unconditional right to intervene, or (b) when the applicant claims an interest relating to the property or transaction which is the subject of the action and is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless that interest is adequately represented by existing parties.

> Obviously, the right to intervene where a statute conveys an unconditional right to intervene is not applicable in this case since this is an action pursuant to Kentucky's Open Meetings Act, KRS 61.805 through 61.850, and nothing in that statute grants anyone any unconditional right to intervene. Section (b) of CR 24.01 provides for intervention as a right: when the applicant claims an interest relating to the property or transaction, which is the subject of this action, and is so situated that practically its disposition should be determined in the suit. This would appear to be the section under which Mr. Carter seeks to intervene as a matter of right. However, there is no action that this Court can take which would impair his ability to protect his interests. The Court has ordered the funds to which he claims an entitlement to be placed in escrow until such time as the Court rules on this motion. If the Court finds that the action[s] of the Board were valid, those funds would still be available to pay him for his services. If the Court were to declare the actions of the Board improper, then this contract would be void ab initio as a violation of public policy and he would not be entitled to those funds. There is a whole separate issue as to whether he would be entitled to any funds on a quantum meruit basis, and that would be an independent action between Mr. Carter and the Board. Intervention as a matter of right does not involve cases where one person's rights are contingent on a resolution of another person's rights. As the Court said in *Gayner v. Packaging Serv. Corp. of Kentucky*, Ky.App., 636 S.W.2d 658, 660 (1982): "CR 24.01(b), like its federal counterpart, Fed.R.Civ.P. 24, does not permit a contingent interest such as the Gayner claim to be placed in issue by intervention." Therefore, Mr. Carter does not have a right to intervene in this matter.

> . . . .

However, even if the Court were to determine that intervention as a matter of right or by permission of the Court were appropriate in this case, the Court would not grant the motion for its failure to be timely. The issues involved in this case were initiated in December of 2002 and, as the Court pointed out before, has been subject to several motions and hearings since then. Mr. Carter has been aware of those issues, and counsel for both Plaintiff and the Board have asserted that he was present at some of the hearings on this matter. However, he chose not to intervene until there was a newspaper article indicating that the Board was considering hiring a new school superintendent. As soon as this article appeared in the paper, Mr. Carter, with his attorney, filed a motion to intervene and an accompanying motion for a temporary injunction to prevent said hiring. This is the real purpose of this matter. This Court finds that it is inappropriate and untimely to sit back and wait until the ninth hour before trying to intervene, especially when the party seeking intervention was well aware of the litigation. Therefore, this Court finds that the motion was also untimely filed.

This appeal from the portion of the order denying Carter's motion to intervene pursuant to CR 24.01 followed.

█ As an initial matter, we shall address Carter's response to the show cause order this Court issued regarding whether the circuit court's order was presently final and appealable in light of the fact that a final judgment disposing of the suit has not yet been entered. In his response, Carter relies upon the Supreme Court of Kentucky's decision in *Ashland Public Li-*

*brary Board of Trustees v. Scott*[3] for the proposition that an immediate appeal lies from the denial of a motion to intervene as a matter of right pursuant to CR 24.01. We agree. In *City of Henderson v. Todd,*[4] the former Court of Appeals held that an order denying a motion to intervene as a matter of right is immediately appealable. The *Ashland Public Library* court relied upon the *City of Henderson* case and expounded upon that case to note its adoption of the rule in 7A Wright & Miller, Federal Practice and Procedure section 1923: "(A) Prior to judgment disposing of the whole case, any denial of intervention of right should be regarded as an appealable final order but the appellate court should affirm unless such intervention of right was erroneously denied."[5] While the circuit court in this case ruled upon both motions to intervene, Carter limited his appeal to the denial of his motion to intervene as a matter of right. Therefore, we shall permit his appeal to proceed.

CR 24.01(1) provides for a four-prong test regarding rulings on motions to intervene when a statute has not conferred an unconditional right to intervene:

> Upon timely application anyone shall be permitted to intervene in an action . . . (b) when the applicant claims an interest relating to the property or transaction which is the subject of the action and is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless that interest is adequately represented by existing parties.

We shall first address the timeliness issue.

The circuit court found that Carter's motion to intervene was not timely filed,

3. Ky., 610 S.W.2d 895 (1981).

4. Ky., 314 S.W.2d 948, 951 (1958).

5. *Ashland Public Library,* 610 S.W.2d at 896.

noting that the suit was filed in December 2002, and that several motions had been filed and hearings held prior to the filing of the motion to intervene, of which Carter was aware and at which he was present. However, the circuit court found that Carter chose not to intervene until after the publication of a newspaper article regarding the hiring of a new superintendent. This, the circuit court found, was the real reason for the intervention. On appeal, Carter argues that his motion to intervene was timely, in that he had no reason to intervene until the amended complaint brought his consulting contract into dispute and further payments under the contract were enjoined. His goal in intervening was to protect his interest in the consulting contract. Carter also argues that the parties to the suit were not prejudiced as there had been little discovery and that no unusual circumstances militated against intervention. On the other hand, both Smith and the Board argue that the circuit court did not abuse its discretion in finding the motion to be untimely filed.

■ There is some dispute between the parties about the standard of review applicable to the issue of timeliness. We have determined that our review of the circuit court's finding of untimeliness is governed by an abuse of discretion standard, based upon both state and federal law. In *Ambassador College v. Combs*,[6] the Supreme Court of Kentucky stated, "[t]imeliness is a question of fact, the determination of which should usually be left to the

judge."[7] Looking to the federal level, the Sixth Circuit Court of Appeals has used an abuse of discretion standard to review the district court's ruling on timeliness for a motion to intervene as a matter of right pursuant to Fed.R.Civ.P. 24(a)(2), the federal counterpart to Kentucky's CR 24.01.[8]

■ In *Grubbs v. Norris*,[9] the Sixth Circuit Court of Appeals relied upon the five-factor test as set forth in *Triax Co. v. TRW, Inc.*[10] to determine whether a motion to intervene was timely. Those factors are:

> (1) [T]he point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenor knew or reasonably should have known of his interest in the case; (4) the prejudice to the original parties due to the proposed intervenor's failure, after he or she knew or reasonably should have known of his or her interest in the case, to apply promptly for intervention; and (5) the existence of unusual circumstances militating against or in favor of intervention.[ [11] ]

In *Monticello Electric Plant Board v. Board of Education of Wayne County*,[12] the former Court of Appeals went so far as to hold that intervention may be allowed under certain circumstances even after the judgment has been entered, although the court indicated that the applicant would have to overcome a special burden to justify the apparent lack of timeliness.

**6.** Ky., 636 S.W.2d 305, 307 (1982).

**7.** *See also Rosenbalm v. Commercial Bank of Middlesboro*, Ky.App., 838 S.W.2d 423, 427 (1992).

**8.** *Cuyahoga Valley Ry. Co. v. Tracy*, 6 F.3d 389 (6th Cir.1993); *Grubbs v. Norris*, 870 F.2d 343 (6th Cir.1989).

**9.** 870 F.2d 343 (6th Cir.1989).

**10.** 724 F.2d 1224 (6th Cir.1984).

**11.** *Grubbs*, 870 F.2d at 345. *See also Cuyahoga Valley Ry. Co.*, 6 F.3d at 395–96.

**12.** Ky., 310 S.W.2d 272, 274 (1958).

■ In the present matter, the circuit court based its decision that the motion to intervene was untimely upon findings that Carter inappropriately waited to file his motion until reading a newspaper article about the possible hiring of a new superintendent, even though he was aware of the pending lawsuit and had been present at several hearings with this attorney. Applying the *Grubbs* factors to this case, we note that at the time intervention was sought, no final judgment had been entered and the parties had completed little, if any, discovery. Carter was seeking intervention to protect his interests in the consulting contract, which was not raised in the original December complaint, but in the amended complaint filed in early February. Regarding the length of time preceding his motion, Smith did not move to file her amended complaint until the end of January, and the circuit court did not grant her motion until February 4, 2003. Furthermore, the circuit court did not enter the temporary injunction ordering the funds Carter was to be paid into escrow until March 18, 2003. Carter first raised his desire to seek intervention less than one month later at a hearing on April 9, 2003. Any possible prejudice to the parties in the lawsuit would be minimal, if any existed at all, because the suit was still in its early stages. Lastly, there were no unusual circumstances militating against intervention. Based upon our review of the applicable law, we hold that the circuit court abused its discretion in determining that Carter's motion to intervene was not timely filed, and that its decision on this issue must be reversed.

Although the circuit court held that his motion to intervene was not timely, the circuit court also reviewed the merits of the motion and held that Carter should not be permitted to intervene as a matter of right. The circuit court reasoned that there was no action it could take to impair or impede his interests and that the right to payment under the contract he was seeking to protect was merely contingent on the resolution of another person's rights. Carter argues that he did have a substantial interest in the subject matter of the lawsuit because Smith's amended complaint and temporary injunction made his consulting contract a central issue, and that his interests would not be adequately protected by the Board. He asserts that it would financially benefit the Board to circumvent its contract with him so that it would not have to pay him for the months of services he performed, and that the Board failed to ratify the consulting contract in a later open meeting. In her brief, Smith argues that disposition of her action would not impair or impede Carter's interest because there was nothing in the record, other than his affidavit, to establish that he was performing under the contract, and because other remedies existed. Likewise, the Board argues that Carter's interest was completely contingent and fully protected by the escrow account.

■ Our standard of review as to whether intervention should have been granted is a clearly erroneous standard.[13] An applicant must meet a four-prong test before being entitled to intervene in a lawsuit pursuant to CR 24.01(1).[14] We have already determined that the motion was timely filed. Therefore, Carter must establish the three remaining prongs: that he has an interest relating to the subject of the action, that his ability to protect his

---

13. *Gayner v. Packaging Service Corp. of Ky.,* Ky.App., 636 S.W.2d 658, 660 (1982); *Grubbs,* 870 F.2d at 345.

14. *See Washington Electric Cooperative v. Massachusetts Municipal Wholesale Electric Co.,* 922 F.2d 92 (2nd Cir.1990).

interest may be impaired or impeded, and that none of the existing parties could adequately represent his interests. We hold that Carter satisfied each of these requirements and should have been permitted to intervene as a matter of right.

■ First, we shall address whether Carter had a substantial interest in the lawsuit. In *Baker v. Webb*,[15] the Supreme Court of Kentucky stated, "[i]n order to intervene, the party's interest relating to the transaction must be a 'present substantial interest in the subject matter of the lawsuit,' rather than an expectancy or contingent interest."[16]

Based upon the facts of this case, we hold that Carter had a substantial interest in the subject matter of the lawsuit in that his consulting contract was being called into question. Smith was seeking to invalidate his consulting contract, and on her motion the circuit court entered a temporary injunction causing Carter's future payments under the contract to be placed into an escrow account. In addition to his contract rights, Carter also wanted to protect his interest in his former superintendent position should his contract be declared void. Although both Smith and the Board argue that Carter's interest was merely contingent upon the final outcome, we disagree that this makes his interest any less substantial. Carter had a present and substantial interest in protecting both his consulting contract, regardless of the fact that the funds payable to him were in escrow, and in protecting his former position. In addition, we believe that intervention in this case would allow for judicial economy and prevent piece-meal litigation.

■ Next, we shall address whether Carter's ability to protect his interests would be impaired or impeded if not permitted to intervene. Carter states that he would be prevented from protecting his contract interest if the circuit court were to declare the contract null and void because of the presence of the injunction preventing the Board from paying him. He asserts that his only remedy would be to intervene and move the circuit court to lift the injunction. Smith and the Board each argue that Carter's interests would not be impaired because other adequate remedies exist. We agree with Carter that the possibility exists that his ability to protect his interests may be impaired unless he is permitted to intervene.

■ Last, we shall examine whether Carter's interests are adequately represented by the existing parties. While Smith and the Board argue that his rights are adequately represented, presumably, by the Board, we agree with Carter that neither party to the action has any reason to represent or protect his rights. There is nothing to prevent the Board from admitting to the Open Meetings Act violation, thereby voiding the consulting contract and negating its need to pay Carter under the terms of the contract. Further, the Board never ratified its decision concerning the consulting contract in a later open meeting. Smith's argument in her brief that there is nothing in the record regarding whether Carter performed under the contract is irrelevant because the fact remains that he should be permitted to protect his interest in the contract itself, as opposed to the actual collection of funds due under the contract.

Based upon our de novo review of the circuit court's denial of Carter's motion to intervene, we hold that the decision was

15. Ky., 127 S.W.3d 622 (2004).

16. *Id.* at 624 (citing *Gayner,* 636 S.W.2d at 659).

clearly erroneous and, as with the ruling on timeliness, must be reversed.

For the foregoing reasons, the portion of the Bourbon Circuit Court's Opinion and Order denying Carter's motion to intervene as a matter of right is reversed, and this matter is remanded for further proceedings consistent with this opinion.

ALL CONCUR.