RENDERED: SEPTEMBER 11, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-001294-MR

CHESTER VAN DYKE,
EXECUTOR OF THE ESTATE OF
MATTIE HELENORA VAN DYKE                              APPELLANT


APPEAL FROM JEFFERSON CIRCUIT COURT
v.      HONORABLE JUDITH E. MCDONALD-BURKMAN, JUDGE
ACTION NO. 17-CI-401893


COMMONWEALTH OF KENTUCKY;
THE COUNTY OF JEFFERSON AND
LOUISVILLE/JEFFERSON COUNTY METRO,
BY AND ON RELATION OF WILLIAM M. LANDRUM III,
SECRETARY OF FINANCE AND
ADMINISTRATION CABINET;
BETH C. ROSE;
AND DANIEL ROSE                                       APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CLAYTON, CHIEF JUDGE; TAYLOR AND L. THOMPSON,
JUDGES.

CLAYTON, CHIEF JUDGE:  Chester Van Dyke, as the executor of the Estate of

Mattie Helenora Van Dyke (the "Estate"), appeals from the Jefferson Circuit

Court's orders denying both the Estate's motion to intervene in a foreclosure action

and the Estate's motion to alter, amend, or vacate the denial of its motion to

intervene.  Because the trial court did not abuse its discretion, we affirm.

## BACKGROUND

In January of 1961, Charles Edward Van Dyke and his wife Mattie

Helenora Van Dyke purchased a property located at 902 East Madison Street in

Louisville (the "Property") as joint tenants with right of survivorship.  Charles died

in April of 1995, and Mattie became the sole owner of the Property.

Throughout the years, the condition of the house located on the

Property deteriorated to such an extent that the Louisville-Jefferson County Metro

Government eventually declared it to be "an immediate threat to the lives and

safety of the general public" in a June 3, 2003 notice of emergency order to

demolish.  Thereafter, although the residence was demolished in September of

2003, the vacant property was cited multiple times for various city health code

violations between 2004 and 2008.  Additionally, the property taxes for the

Property were not paid beginning in 2003.

On October 3, 2017, the Commonwealth of Kentucky, the County of

Jefferson, and Louisville/Jefferson County Metro (collectively, "the

-2-

Commonwealth") initiated foreclosure proceedings against Mattie and any unknown spouse of Mattie. A civil summons was issued for Mattie on October 3, 2017, and was sent by United States Postal Service ("USPS") certified mail to the address listed as the mailing address with the Property Valuation Administrator's office. This was the same address used by Van Dyke's son, Chester Van Dyke, ("Chester's Address"). The summons was marked as "unclaimed" and was returned to sender.

In November of 2017, Chester entered into a payment plan with the Jefferson County Attorney to pay the delinquent tax bills (the "Payment Plan"). Specifically, the letter from the County Attorney stated: "This will confirm your conversation with our office, wherein you agreed to enter the Jefferson County Attorney Delinquent Tax Payment Program. You agreed to make monthly payments of $289.87 a month starting November through October." For its part, the Commonwealth argues that the agreement was only to protect the tax bills from being purchased by a third-party purchaser and not to stop any foreclosure litigation.

The trial court appointed a warning order and military attorney for Mattie on December 14, 2017. The warning order attorney filed a report with the court on March 2, 2018, indicating that he had mailed a letter and copy of the complaint in the foreclosure action via USPS, priority mail, postage prepaid, to

Chester's Address. According to the USPS, the complaint was delivered on December 15, 2017. The warning order attorney received no response from Mattie.

Thereafter, the Commonwealth filed a motion for judgment and order of sale with the court on April 11, 2018, arguing that it was entitled to an *in rem* default judgment against Mattie for her failure to pay the required property taxes or to otherwise respond in the foreclosure action after being properly noticed under the Kentucky Rules of Civil Procedure. A copy of the motion was sent to Mattie at Chester's Address. The court ultimately signed the judgment and order of sale on June 5, 2018, and a copy noting the sale date of July 6, 2018 was sent to Chester's Address. No appeal of such judgment and order of sale was initiated.

The Master Commissioner's office properly advertised the sale of the Property, and the Property was sold at the commissioner's sale on July 6, 2018 to Beth C. Rose and Daniel Rose (the "Purchasers"). The Purchasers ultimately purchased the Property for $13,500.00, which was $1,500.00 above the appraised value of the Property.

The Master Commissioner thereafter filed a report of sale on July 11, 2018, and no objections to the report of sale were filed. The court signed an order confirming the sale on August 3, 2018, and a deed to the Property was conveyed to the Purchasers. The Commonwealth filed a motion to distribute funds, and a copy

of such motion was sent to Chester's Address. The applicable tax liens were satisfied through the proceeds of the sale and the Commissioner was ordered by the trial court to hold the excess proceeds equaling $8,467.34. Chester had continued to make the monthly payments under the Payment Plan throughout this period.

Mattie passed away on August 4, 2018, and, on January 18, 2019, Chester filed a motion to overturn the foreclosure sale. In his motion, Chester alleged that he, in his individual capacity, had entered into an agreement with the Jefferson County Attorney's Office in which he would pay all the taxes owed on the Property and the Property would not be sold. Chester further alleged that all such payments were made, that he was not aware that the foreclosure was pending, and that he continued to make payments even after the completion of the foreclosure sale. Alternatively, the Commonwealth argued that Mattie had been properly served with notice of the foreclosure proceedings and had received adequate notice of such. The Commonwealth further argued that it had returned all of the payment that Chester had made under the Payment Plan back to Chester.

The trial court denied Chester's motion to overturn the foreclosure sale in an order entered on March 12, 2019, finding that Chester, as an individual, lacked standing to sue, as he was never named as a party in the foreclosure action and had never had any interest in the Property.

Chester was subsequently appointed as the administrator of the Estate by the Jefferson County Probate Court on April 15, 2019. On May 21, 2019, approximately one year after the entry of the judgment and order of sale, the Estate filed both a motion to intervene and an intervening complaint. The trial court denied the Estate's motion to intervene on June 13, 2019, noting that under Kentucky law "the Administrator can step into the shoes of the decedent and can have no more rights and remedies than she did," and therefore "[t]here is no reason for Chester Van Dyke to intervene since he stands in [Mattie's] stead; he is already a party to this action." The trial court further stated that it was denying the motion because it was untimely, and Chester had not met the burden imposed on him under Kentucky law to justify the untimely request to intervene in the foreclosure action.

On June 24, 2019, the Estate filed a motion to alter, amend, or vacate the order denying the motion to intervene, which the trial court denied on July 25, 2019 for failure to meet the standard for such relief. Chester subsequently filed a notice of appeal to this Court of the trial court's orders denying his motion to intervene on an individual basis; denying his motion to intervene as the executor of the Estate; and denying his motion to alter, amend, or vacate, claiming that the trial court abused its discretion in denying the foregoing motions.

# ANALYSIS

As a preliminary matter, we note that Chester included in his notice of appeal the trial court's March 12, 2019 order denying his motion to overturn the foreclosure sale due to his individual lack of standing. Chester's notice of his appeal of that order was not filed until August 23, 2019. Under Kentucky Rule of Civil Procedure ("CR") 73.02 a notice of appeal must be "filed within 30 days after the date of notification of service of the judgment or order" to be timely and to transfer jurisdiction to the Court of Appeals. Therefore, we cannot review such order, as it was not timely appealed under our appellate rules. However, Chester's appeals of the trial court's order denying the Estate's motion to intervene and the Estate's motion to alter, amend, or vacate were filed in a timely manner; thus, we will proceed with our review of those specific orders.

### a. Standard of Review

A court's evaluation of the timeliness of a motion to intervene is reviewed under an abuse of discretion standard. *Carter v. Smith*, 170 S.W.3d 402, 408 (Ky. App. 2004). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999) (citations omitted). As stated by the Kentucky Supreme Court, "[a]bsent some flagrant miscarriage of justice," an appeals court "should respect the trial court's exercise

-7-

of discretion and affirm its decision[.]" *Gross v. Commonwealth*, 648 S.W.2d 853, 858 (Ky. 1983).

### b. Discussion

Chester argues that the trial court abused its discretion in permitting the foreclosure sale to stand and finding that the motion to intervene was untimely. While Chester did not identify the particular rule of civil procedure or case law to support the legal reasoning behind his motion to intervene, CR 24.01(1) allows intervention under some circumstances and "[u]pon *timely* application." (Emphasis added). Further, while intervention after a court has entered a judgment may be allowable in some situations, Kentucky courts have determined that "the applicant *has a special burden of justifying the apparent lack of timeliness*." *Monticello Elec. Plant Bd. v. Board of Ed. of Wayne County*, 310 S.W.2d 272, 274 (Ky. 1958) (citation omitted) (emphasis added).

In the case *sub judice*, the Estate has not met such "special burden." The record reflects that Mattie was properly served with all the necessary documents in the foreclosure action, including being appointed a warning order attorney. *See* CR 4.07. Further, Chester stated in his intervening complaint that he knew the Property was being foreclosed on as early as November of 2017. The Estate did not attempt to justify or explain the delay in filing its motion to intervene or to otherwise make any appearance in the case prior to the Property

being sold. Therefore, Chester did not meet the "special burden" imposed under Kentucky caselaw.

We also agree that the granting of the Estate's motion to intervene under CR 24.01 was not needed in this case, as such motion was not filed by an outside party to the litigation. Chester, as the executor of the Estate, only had the legal rights and remedies afforded to Mattie. *Taylor v. Harris' Adm'r*, 164 Ky. 654, 176 S.W. 168 (1915). One cannot intervene in a case in which one was already a party. We therefore find no abuse of discretion by the trial court in denying the Estate's motion to intervene and its motion to alter, amend, or vacate.

## **CONCLUSION**

For the foregoing reasons, we affirm the orders of the Jefferson Circuit Court.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Myrle L. Davis
Louisville, Kentucky

BRIEF FOR APPELLEES
COMMONWEALTH OF
KENTUCKY; AND THE COUNTY
OF JEFFERSON AND
LOUISVILLE/JEFFERSON
COUNTY METRO,
BY AND ON RELATION OF
WILLIAM M. LANDRUM III,
SECRETARY OF FINANCE AND
ADMINISTRATION CABINET:

Michael B. Marks
Louisville, Kentucky

BRIEF FOR APPELLEES BETH
AND DANIEL ROSE:

Stuart Alexander
Louisville, Kentucky