RENDERED:  JANUARY 13, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1207-MR

COMMONWEALTH OF KENTUCKY,
CABINET FOR HEALTH AND
FAMILY SERVICES                                                              APPELLANT


APPEAL FROM LIVINGSTON CIRCUIT COURT
v.            HONORABLE CLARENCE A. WOODALL, III, JUDGE
ACTION NO. 21-CI-00041


CLAY DUNCAN; JOHN B. BRYAN;
AND VICKI S. BRYAN                                                            APPELLEES


OPINION
VACATING AND REMANDING

** ** ** ** **

BEFORE:  CETRULO, COMBS, AND GOODWINE, JUDGES.

CETRULO, JUDGE:  This is an appeal by the Commonwealth of Kentucky,

Cabinet for Health and Family Services ("Cabinet") from the denial of its motion

to intervene as a matter of right pursuant to CR[1] 24.01.  The sole issue on appeal is

---

[1] Kentucky Rule of Civil Procedure.

whether the circuit court improperly denied the Cabinet's motion to intervene as a matter of right. Because we believe it did so err, we vacate and remand.

The appellees, John and Vicki Bryan, are married ("John") and ("Vicki"), respectively. John first filed for Medicaid on March 24, 2021. A few days later, the Kimmel Law Firm drafted a power of attorney for Vicki as to John, and she then signed a power of attorney for the Kimmel Law Firm to act as her power of attorney to assist John with his Medicaid pursuit. The same day, Vicki's nephew, appellee Clay Duncan ("Duncan") filed an action for declaratory judgment in the Livingston Circuit Court requesting ownership of all of the Bryans' assets and property on the basis that he had taken care of them for years. His complaint was similarly prepared by the Kimmel Law Firm acting as his attorneys. Accompanying the complaint were waivers of service and notices of receipt of the complaint signed by Vicki, at the Kimmel Law Firm. The Cabinet became aware of this separate lawsuit through the Medicaid application and filed a motion to intervene in the civil case, believing the Bryans and Duncan were taking steps to commit Medicaid fraud.

Before that motion was heard, Duncan filed a motion for default judgment against the Bryans, who had not filed any responsive pleading to the complaint. The Cabinet responded to that motion as well and a hearing was held on the motion to intervene on June 16, 2021. On June 24, 2021, the Livingston

Circuit Court denied the Cabinet's motion to intervene, stating that it had not shown a "present substantial interest" in the subject matter of the lawsuit. The court also granted Duncan's motion for a default judgment that day, transferring all of the assets of the Bryans to Duncan. The default judgment specifically awarded attorney's fees and costs to the Kimmel Law Firm, and ordered the transfer of all real estate, IRAs, investment, savings and checking accounts, and annuities to Duncan. That order was drafted by the Kimmel Law Firm. According to the record before us, those assets may have exceeded $890,000.

Within days, John re-applied for Medicaid and submitted the default judgment to the Cabinet as evidence that he no longer possessed those assets. John's renewed application for Medicaid was apparently denied on the basis that he still had assets and resources available to him at the time of the denial. Based upon assertions within the brief filed by the Kimmel Law Firm, John is still not receiving Medicaid, and Duncan has now transferred the assets back to the Bryans by an agreed order. Based upon the record before us, the Kimmel Law Firm has represented and continues to represent all of the parties to this action, with the sole exception of the Cabinet. It has also now filed an action on behalf of Vicki against John for spousal support.

The Cabinet did file a motion to alter, amend, or vacate the June 24, 2021 order, but that was denied, with the trial court again simply stating that it did

-3-

not believe that the Cabinet's duty of "overseeing the administration of the Medicaid system in the Commonwealth" is the type of present substantial interest in the subject matter that is required under Rule 24 for intervention as a matter of right. The Cabinet appeals that ruling and asserts that the Cabinet does have a substantial interest pursuant to Chapter 205 of the Kentucky Revised Statutes which vests it with authority to administer the Medicaid program in the Commonwealth. Specifically, the Cabinet points to KRS[2] 205.8453 which actually mandates that the Cabinet take affirmative steps to control recipient and provider fraud and abuse.

The issue is simply whether intervention should have been permitted. We review the denial of a motion to intervene as a matter of right for clear error. *Hazel Enters., LLC v. Cmty. Fin. Servs. Bank*, 382 S.W.3d 65, 67 (Ky. App. 2012) (citing *Carter v. Smith*, 170 S.W.3d 402, 409 (Ky. App. 2004)). We conclude that there was clear error below as we also found in the trial court's ruling in *Cabinet for Health and Family Services v. Gill*, No. 2021-CA-1209-MR, 2022 WL 17366020 (Ky. App. Dec. 2, 2022).[3]

---

[2] Kentucky Revised Statute.

[3] Wherein this Court recently reviewed and vacated an identical order to the order in this case, entered on the same date, involving the same attorney and allegations, and changing only the caption of the case.

First, Duncan, represented by the Kimmel Law Firm, argues that there is no factual or legal question to be resolved because the denial of benefits by the Medicaid hearing officer now makes this appeal moot. We disagree. The Cabinet filed its motion to intervene to prevent an alleged fraud from occurring. The issue of whether the circuit court erred in denying a motion to intervene does not require a finding that a fraud or any harm has actually occurred.

The circuit court concluded that the Cabinet did not possess any "present substantial interest" in the assets in dispute in the action by Duncan against the Bryans. In *Gayner v. Packaging Service Corporation of Kentucky*, 636 S.W.2d 658, 659-60 (Ky. App. 1982), the Court required more than a contingent interest. Such an interest may not be remote and speculative, but must be a present and substantial interest in the subject matter. *Bailey v. Pres. Rural Rds. of Madison Cnty., Inc.*, 394 S.W.3d 350, 355 (Ky. 2011).

We understand the circuit court's statement that possible "asset shifting" to obtain Medicaid may have created a substantial and present interest in seemingly private litigation between parties. However, the circuit court did not consider the remaining prongs of CR 24.01(1)(b) in its order of denial of intervention. The fact remains that the lawsuit sought transfer of significant assets as reimbursement for services or expenditures alleged to have been made but which were, at least to that date, unsubstantiated. The reality is that the relief

-5-

sought, if granted, could have removed all of those assets from consideration by Medicaid.

We believe CR 24.01(1)(b) is applicable to this case. That section provides for intervention as a right "when the applicant claims an interest relating to the property or transaction which is the subject of the action and is so situated that the disposition of the action may . . . impair or impede the applicant's ability to protect that interest[.]" CR 24.01(1)(b). As set forth in *Carter*, a movant must meet four prongs in order to intervene pursuant to CR 24.01(1)(b): 1) the motion must be timely; 2) the movant must have an interest in the subject; 3) whether the movant's ability to protect the interest may be impaired or impeded if intervention is not permitted; and 4) whether any of the existing parties can adequately represent the movant's interests. *Carter*, 170 S.W.3d at 407.

First, there is no dispute that the Cabinet's motion to intervene was timely. Similarly, we have no problem finding that the Cabinet had an interest in the subject matter of the lawsuit under prong two, particularly under the circumstances of this case. This matter was heard on the same day as an identical situation involving another individual seeking Medicaid and a family member (represented by the same law firm) claiming that she was entitled to all of their assets for services rendered over ten years. The Cabinet sought to intervene in that case as well resulting in a separate appeal to this Court. The record below suggests

-6-

that the Kimmel Law Firm has filed multiple actions identical to the underlying matter with a family member or friend seeking compensation from a person in the process of seeking Medicaid. More than 35 of those actions have been filed in Livingston County.

Based upon our review of the relevant case law, we find the holding of the Kentucky Supreme Court in *A.H. v. W.R.L.*, 482 S.W.3d 372 (Ky. 2016), is dispositive. In that case, the trial court permitted intervention by a former same sex partner in a step-parent adoption petition filed by the new spouse. *Id.* at 373. In upholding the intervention, the Supreme Court looked, as we do, to subsection (b) of CR 24.01(1) and found a "cognizable legal interest" existed with the former partner. *Id.* at 374. In so ruling, the Court considered the intentions of the parties and the potential impact upon the former partner who would lose all rights if the adoption proceeded. *Id.* at 375. The Court also noted the impact of that case on future litigants seeking intervention if it was not granted. We believe these proceedings create similar concerns based upon all of the factors outlined above.

The Cabinet is required by statute to protect the administration of the Medicaid system and control recipient and provider fraud and abuse. KRS 205.8453. In light of the foregoing, it is certainly understandable that the Cabinet had concerns of fraud and had an interest in being heard. It is equally clear that the other parties were not going to protect that interest. If the Cabinet had been

permitted to intervene, it could have conducted discovery into the reasons or basis for the claims by a nephew that he was entitled to all of the assets of his aunt and uncle.

Thirdly, there is no dispute that the Cabinet's interest in the assets of a person seeking Medicaid would be impaired or impeded if it was not permitted to intervene. In this case, the denial already resulted in an order awarding all of the Bryans' assets to their nephew by default. The fact that the nephew has now entered into an agreed order transferring everything back to the Bryans does not negate the interest that the Cabinet had and will continue to have in preventing fraud which could still occur in this or similar cases. Fourth, and finally, it is obvious by virtue of the default taken below, that none of the other parties to this litigation – all appellees represented by the Kimmel Law Firm – are in any way representing the interests of the Cabinet. The four prongs were met, and intervention should have been permitted.

Thus, we find that the court below erred in denying the Cabinet's motion to intervene. We vacate the default judgment as void, having been erroneously entered, and we remand this matter to the Livingston Circuit Court with instructions to enter an order allowing the Cabinet to intervene and for further proceedings consistent with that intervention.

ALL CONCUR.

BRIEF FOR APPELLANT:      BRIEF FOR APPELLEES:

Olivia M. Peterson           Joe Harvey Kimmel, III
Ashley G. Kennedy           Paducah, Kentucky
Frankfort, Kentucky