RENDERED: OCTOBER 27, 2023; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0311-MR

FRANKIE COVINGTON                                       APPELLANT

                     APPEAL FROM BOURBON CIRCUIT COURT
v.            HONORABLE MICHAEL DEAN, SPECIAL JUDGE
                        ACTION NO. 06-CR-00062

COMMONWEALTH OF KENTUCKY                        APPELLEE

AND

NO. 2023-CA-0339-MR

FRANKIE COVINGTON                                         APPELLANT

                     APPEAL FROM BOURBON CIRCUIT COURT
v.            HONORABLE MICHAEL DEAN, SPECIAL JUDGE
                        ACTION NO. 06-CR-00062

COMMONWEALTH OF KENTUCKY                        APPELLEE

## ORDER

* * * * * *

BEFORE: DIXON, GOODWINE, AND JONES, JUDGES.

This appeal arises from the criminal trial of Frankie Covington (Covington) in 2007. Covington was indicted for the alleged kidnapping and sexual assault of Sharon Muse-Johnson (Muse-Johnson), the current Commonwealth's Attorney in Bourbon County. Covington originally pled guilty to the charges, but later moved the court to withdraw his plea. The trial court denied the motion, and on appeal, the Kentucky Supreme Court remanded and held that the trial court erred in denying Covington's motion.[1] At trial, the jury found Covington guilty of first-degree kidnapping and being a first-degree persistent felony offender. He was sentenced to life imprisonment.

After trial, Muse-Johnson shared her story in the news, in her political campaigns, and in her 2020 book titled *Kidnapped by a Client: The Incredible True Story of an Attorney's Fight for Justice*.[2] Based on her statements in the book, the original prosecutors in Covington's case believed Muse-Johnson gave inconsistent witness testimony during the trial.[3] The former prosecutors reported the inconsistencies to the Department of Public Advocacy (DPA) post-conviction

---

[1] *Covington v. Commonwealth*, 295 S.W.3d 814, 817 (Ky. 2009).

[2] SHARON R. MUSE, KIDNAPPED BY A CLIENT: THE INCREDIBLE TRUE STORY OF AN ATTORNEY'S FIGHT FOR JUSTICE (Skyhorse 2020).

[3] In her book, she wrote that she made intentionally vague pretrial statements. She also wrote that she could have fabricated her kidnapping story, and no one would have known.

division. The DPA investigated the case, and on November 4, 2022, filed a CR[4] 60.02 motion in the Bourbon Circuit Court. The DPA argued that the statements created unreliable evidence and testimony which undermined Covington's conviction.

Muse-Johnson filed a response to the CR 60.02 motion under Marsy's Law, a Kentucky constitutional amendment that expanded rights for crime victims in court proceedings.[5] The DPA filed a motion to strike Muse-Johnson's response. The court denied both the CR 60.02 motion and the motion to strike, holding that the DPA did not show enough evidence to change Covington's trial result, and Muse-Johnson had a right to respond under Marsy's Law. This appeal followed.

Presently before the Court is Muse-Johnson's motion to intervene as an Appellee under Marsy's Law. Muse-Johnson argues that Marsy's Law gives her standing to assert her rights on appeal. Specifically, she claims that her right to be heard as a victim includes intervention rights. Appellant filed a response in opposition to the motion to intervene and argues that Marsy's Law does not give Muse-Johnson that right, and she can exercise her right to be heard through the Attorney General's briefing.

---

[4] Kentucky Rules of Civil Procedure.

[5] KY. CONST. § 26A.

## (1) Marsy's Law

Kentucky voters ratified Marsy's Law as a constitutional amendment in 2020. The amendment gives victims "the reasonable right . . . to be heard in any proceeding involving a release, plea, sentencing, or in the consideration of any pardon, commutation of sentence, granting of a reprieve, or other matter involving the right of a victim . . . ." KY. CONST. § 26A. The amendment also states that "[n]othing in this section shall afford [a] victim party status . . . ." *Id.* The infancy of Kentucky's Marsy's Law means there are no cases on the intervention rights of crime victims. However, other states consistently hold that Marsy's Law does not give victims party status in criminal proceedings.[6]

Instead, the victim has "the right to consult with the attorney for the Commonwealth or the attorney's designee . . . ." KY. CONST. § 26A. The Kentucky Supreme Court recently discussed the Commonwealth's role under Marsy's Law in *Commonwealth v. Morsch*, No. 2022-SC-0062-MR, 2023 WL 5444416, at *6 (Ky. Aug. 24, 2023).[7] In *Morsch*, the trial court conducted a

---

[6] *See Crump v. Appellate Division of Superior Court*, 37 Cal. App. 5th 222, 240 (2019) ("Nothing in Marsy's Law makes the victim a party to the case, or purports to change [California] Penal Code section 1466. Without party status, there is no basis for a direct appeal."); *see also State v. Montgomery*, 202 N.E.3d 616, 622 (Oh. 3d Dist. 2022) (citing *Ohio v. Yerkey*, 159 N.E.3d 1232, 1239 (Oh. 7th Dist. 2020)) (holding that a victim of an alleged crime is not a party to a criminal proceeding or a surrogate of the state).

[7] Though not published, this is the most recent Kentucky case discussing Marsy's law. This case obtained finality on September 14, 2023.

sentencing proceeding contrary to the Commonwealth's request to notify the victims under Marsy's Law. In holding that the trial court erred, the Supreme Court stated that "[o]n remand, [Appellee's] victims shall be given ample notice of any proceeding involving a release, plea or sentencing and given the right to be present, and heard, if applicable." *Id.* The court opined that "[n]otice to the Commonwealth is sufficient for purposes of notifying the victims of their rights under Marsy's Law." *Id.*

Here, Muse-Johnson's intervention would make her a party to the appeal. However, Marsy's Law does not give her the right to become a party. Criminal proceedings and appeals are between the State and the accused – not the crime victim. As the Kentucky Supreme Court emphasized, Marsy's Law entitles Muse-Johnson to ample notice on remand of any proceeding about Covington's release and a right to be heard, *if applicable*.[8] These rights, coupled with the right to consult the Commonwealth and receive mandatory notice, satisfy the Marsy's Law requirements. Thus, Muse-Johnson does not have standing to join this appeal under Marsy's Law.

**(2) Intervention**

Muse-Johnson argues that she meets both the intervention of right and

---

[8] This appeal involves Covington's conviction, but it is not a "release, plea or sentencing" because a successful appeal of the order denying the CR 60.02 motion does not guarantee Covington's immediate release.

permissive intervention requirements under RAP[9] 9.  The rule states that "anyone may be permitted to intervene on appeal for the reasons in CR 24.01(1) or CR 24.02, except that intervention on appeal is discretionary with the court."  RAP 9(A).  If the Court grants intervention, it further determines whether the intervenor is aligned as an appellant or appellee and decides if the intervenor is allowed to file a separate brief.  RAP 9(C).

### a.  Intervention of Right

Under CR 24.01(1), Muse-Johnson argues that she meets the requirements to intervene as of right because she has a substantial interest in the appeal.  She claims she has a substantial interest because (1) Covington's potential release puts her in danger as his victim, (2) the order denying the motion to strike her response to the CR 60.02 motion is on appeal, and (3) the appeal concerns perjury allegations against her.

CR 24.01(1) states that anyone may be allowed to intervene "when a statute confers an unconditional right to intervene" or when the applicant claims a substantial interest in the action.  The Court has broken CR 24.01(1) into a four-part test:  the party seeking to intervene must prove "(1) the motion was timely; (2) the party has an interest in the subject of the action; (3) the party's ability to protect his or her interest may be impaired or impeded; and (4) none of the existing parties

---

[9] Kentucky Rules of Appellate Procedure.

can adequately represent his or her interest." *Louisville Metro Police Department v. Baker*, No. 2012-CA-001109-MR, 2016 WL 837366, at *3 (Ky. App. Mar. 4, 2016) (citing *Carter v. Smith*, 170 S.W.3d 402, 409-10 (Ky. App. 2004)).

To intervene as of right, "the party's interest relating to the transaction must be a 'present substantial interest in the subject matter of the lawsuit,' rather than an expectancy or contingent interest." *Baker v. Webb*, 127 S.W.3d 622, 624 (Ky. 2004). The interest must be statutory or tangible in the underlying action. *S.B. v. Cabinet for Health and Family Services*, 616 S.W.3d 715, 718-19 (Ky. App. 2020).

Here, no statute gives Muse-Johnson an unconditional right to intervene. As Covington's victim and the main witness at his trial, Muse-Johnson does have an interest in the appeal. However, the interests in her safety, protecting her reputation, and defending the veracity of her response filed below are not the subject matter of the appeal. Though Muse-Johnson has an interest in the action, it is the Attorney General's responsibility to adequately represent her on appeal. Muse-Johnson and the Commonwealth share the same interest – to uphold Covington's conviction. Because the Attorney General's arguments and briefing will satisfy her interests, Muse-Johnson does not have the right to intervene as a party.

## b. Permissive Intervention

Under CR 24.02, Muse-Johnson argues that, as a target of perjury allegations, she should be permitted to intervene in the appeal. In his response, Appellant argues that Muse-Johnson's story and statements are contained in the trial record, and there is no need for additional filings on appeal.

CR 24.02 states:

> Upon timely application anyone may be permitted to intervene in an action: (a) when a statute confers a conditional right to intervene or (b) when an applicant's claim or defense and the main action have a question of law or fact in common . . . . In exercising its discretion, the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

The purpose of intervention is to prevent trying issues "to finality without all parties with a common interest in the issue or factual scenario being present." *Bailey v. Bertram*, 471 S.W.3d 687, 691 (Ky. 2015), *as corrected* (Jun. 10, 2015). Compared to intervention of right, "permissive intervention is more concerned with consolidating common legal and factual questions than with protecting the implicated rights of non-parties." *Id.* at 690-91. Permissive intervention requires the intervenor to have an interest or claim in common with the litigants in the underlying action. *Id.* at 691.

Again, no statute gives Muse-Johnson the right to intervene. It is true that Muse-Johnson's statements at trial and in her book create the factual scenario

-8-

underlying this appeal.  But the legal questions in this case concern the trial court's order based on the trial court record.  Review on appeal must be based on the record as it was presented to the trial court.  *Fortney v. Elliott's Adm'r*, 273 S.W.2d 51, 52 (Ky. 1954).

Having considered the motion, the Appellant's response, and being otherwise sufficiently advised, IT IS HEREBY ORDERED that Sharon Muse-Johnson's motion to intervene shall be, and hereby is, DENIED.

ALL CONCUR.

ENTERED:  October 27, 2023__

JUDGE, COURT OF APPEALS

ATTORNEYS FOR APPELLANT:

Whitney B. Saffari
Samuel N. Potter
Frankfort, Kentucky

ATTORNEY FOR MOVANT
SHARON MUSE-JOHNSON:

Sarah O. Reddick
Kenyon Meyer
Louisville, Kentucky

ATTORNEY FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky
Frankfort, Kentucky