RENDERED: JULY 12, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0489-MR

WALLACE ROGERS                                                  APPELLANT

                APPEAL FROM JEFFERSON CIRCUIT COURT
v.                    HONORABLE TRACY E. DAVIS, JUDGE
                     ACTION NO. 23-CI-000462

CHRISTOPHER SHULER AND
FINCASTLE HEIGHTS MUTUAL
OWNERSHIP CORPORATION                           APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, CETRULO, AND TAYLOR, JUDGES.

TAYLOR, JUDGE: Wallace Rogers, *pro se*, appeals from an Order of the

Jefferson Circuit Court entered April 24, 2023, denying his motion to intervene

pursuant to Kentucky Rules of Civil Procedure (CR) 24. We affirm.

         The underlying action was filed in the Jefferson Circuit Court in

January of 2023, by Christopher Shuler against his former employer, Fincastle

Heights Mutual Ownership Corporation (Fincastle). Fincastle describes itself as "a

non-profit Kentucky corporation overseeing a housing project located in the Camp Taylor area of Louisville, Kentucky." Appellee's Brief at ii. Fincastle "consists of 250 individual housing units." Appellee's Brief at 1. Shuler alleged Fincastle interfered with, breached, and unlawfully terminated his employment contract as maintenance foreman. Fincastle filed an answer and affirmative defenses. Shortly thereafter, Rogers filed his first motion to intervene pursuant to CR 24.01. Rogers claimed he was a resident and member of Fincastle and was a member of Fincastle's Board of Directors when Shuler's employment was terminated.[1] Rogers argued that, as a resident, should Shuler recover damages, Rogers would be financially responsible in the form of increased monthly dues to Fincastle. Fincastle objected and argues that Rogers' status as a resident of Fincastle does not mean he has a substantial interest in the underlying lawsuit. Rogers filed an amended motion to intervene that was identical to his first, except he sought intervention under CR 24.01 *or* CR 24.02.

The circuit court conducted a hearing on April 20, 2023. Both Shuler and Fincastle objected to Rogers' motion to intervene, and the circuit court ultimately denied the motion. This appeal followed.

---

[1] It is undisputed that Wallace Rogers was not a member of Fincastle Heights Mutual Ownership Corporation's Board of Directors when Christopher Shuler entered into an employment contract with Fincastle in February of 2021. It is also undisputed that Rogers was no longer a member of the Board of Directors when he filed his motion to intervene.

The relevant provisions of CR 24 applicable to this appeal are as follows:

**CR 24.01 Intervention of right.**

(1) Upon timely application anyone shall be permitted to intervene in an action (a) when a statute confers an unconditional right to intervene, or (b) when the applicant claims an interest relating to the property or transaction which is the subject of the action and is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless that interest is adequately represented by existing parties.

**CR 24.02 Permissive intervention.**

Upon timely application anyone may be permitted to intervene in an action: (a) when a statute confers a conditional right to intervene or (b) when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a governmental officer or agency or upon any regulation, order, requirement, or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

**CR 24.03 Procedure.**

A person desiring to intervene shall serve a motion to intervene upon the parties as provided in Rule 5. **The motion shall state the grounds therefor and shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought**. The same

-3-

procedure shall be followed when a statute gives a right to intervene.  When the constitutionality of an act of the General Assembly affecting the public interest is drawn into question in any action, the movant shall serve a copy of the pleading, motion or other paper first raising the challenge upon the Attorney General.

(Emphasis added.)

Rogers argues on appeal that he was entitled to intervene as a matter of right under CR 24.01 and alternatively argues he was entitled to permissive intervention under CR 24.02.  As concerns intervention based upon CR 24.01, our standard of review is a clearly erroneous standard.  *Carter v. Smith*, 170 S.W.3d 402, 409 (Ky. App. 2004).  As concerns CR 24.02, the rule clearly provides that intervention is at the discretion of the court, and our review will focus on any abuse thereof.

However, before reaching the merits of CR 24.01 and 24.02, we note that the circuit court's order concludes that Rogers' motions to intervene were not accompanied by a pleading setting forth the claim or defense for which intervention is sought as required by CR 24.03.  The language in CR 24.03, a Supreme Court rule, is mandatory.  Kentucky's highest court has long held that any application to intervene must be accompanied by such a mandatory pleading. *Mulligan v. First Nat'l Bank & Trust Co. of Lexington*, 351 S.W.2d 59, 62 (Ky. 1961).

Rogers argues on appeal that the circuit court never advised him that he had failed to file an accompanying pleading. This argument is disingenuous at best, as every competent practitioner knows that a circuit court may not advise a lawyer how to practice his case. Rogers also contends that his arguments at the hearing were an adequate substitute for his failure to file a pleading. Rogers cites no law in support of this contention, and we are unpersuaded. Upon review of the hearing before the circuit court, it was not at all clear whether Rogers intended to intervene as a plaintiff or a defendant. He spent a great deal of time arguing why he believed the affirmative defenses put forth by Fincastle were inadequate, and also described in detail the complaint he could potentially file against Shuler.[2]

We agree with the circuit court that, because Rogers failed to comply with CR 24.03, any analysis under CR 24.02 is impossible. Similarly, the same reasoning applies when analyzing his motion to intervene pursuant to CR 24.01. There is no statutory right to intervene and Rogers has no interest in Shuler's employment contract. Therefore, Rogers' claim or defense must have a question of law or fact in common with the main action. Because Rogers failed to file a pleading, he never put forward a claim or a defense.[3] It is therefore not possible to

---

[2] Rogers is a licensed attorney in Kentucky and appeared *pro se* at the hearing before the circuit court. He also appears *pro se* before this Court.

[3] A motion is not a pleading. *See* Kentucky Rules of Civil Procedure (CR) 7.01 and CR 7.02.

know if there is a question of law or fact in common with the underlying action. Accordingly, in light of the mandatory language set out in CR 24.03, the motion to intervene must fail and we decline to review any other arguments related thereto.

The circuit court also engaged in a detailed analysis of constitutional standing which we decline to review. This Court may affirm for any reason sustainable by the record. *Kentucky Farm Bureau Mut. Ins. Co. v. Gray*, 814 S.W.2d 928, 930 (Ky. App. 1991) (citation omitted). Given that Rogers failed to comply with the mandate of CR 24.03 by not filing an accompanying pleading, we conclude the circuit court's ruling to deny intervention was neither clearly erroneous nor an abuse of discretion.

Accordingly, for the reasons stated, we affirm the order of the Jefferson Circuit Court denying Rogers' motion to intervene.

ALL CONCUR.

BRIEF FOR APPELLANT:

Wallace Rogers, *Pro Se*
Louisville, Kentucky

BRIEF FOR APPELLEE
FINCASTLE HEIGHTS MUTUAL
OWNERSHIP CORPORATION:

Alexander B. Hyman
Louisville, Kentucky